## St. L., I. M. & S. Ry. Co. v. White.

PRACTICE IN SUPREME COURT: *Finding of jury.*

The verdict of a jury will not be disturbed in the Supreme Court where the finding of the facts has been submitted to them under proper instructions of the court.

APPEAL from *Nevada* Circuit Court.
Hon. L. A. BYRNE, Judge.

*Dodge & Johnson*, for appellant.

1. The verdict is contrary to the evidence and the law as given. The chief allegation of negligence in the complaint was the failure to stop its train long enough to enable plaintiff to alight; and second—the absence of proper lights on the platform. These specific acts of carelessness are wholly unsustained by the evidence ; on the contrary, the reverse is proved. It is proved that the train stopped *three minutes,* which was ample and reasonable time. When a train, upon which an injured person is a passenger, stops and remains a sufficient length of time to enable passengers to alight in safety, but the injured party not availing himself of that opportunity, waits or delays until the train is again in motion or about to start, and then without the interference or suggestion of any of the 'employes of the company, attempts to leave the train, and while doing so is injured, the company is not liable. *54 Ill., 133 ; 42 Miss., 607.*

The evidence shows that plaintiff attempted to alight at a place where there was no platform, and before the train stopped.

It is not contended that the absence of lights contributed to or caused the injury. But the evidence shows that there was sufficient light to enable plaintiff to see the platform, and alight in safety.

2. The court erred in refusing the sixth instruction asked by defendant.

The authorities are abundant, that if plaintiff had a reasonable time to alight, but failed to do so, and attempted to alight after the train was in motion, or just as it started, and was not injured, the company was not liable.

St. L., I. M. & S. Ry. Co. v. White.

*Smoote, McRae & Hinton,* for appellee.

The question as to whether the train stopped long enough, was submitted to a jury, and they found it did not. Under the law they were the judges of the evidence. *L. R. & Ft. S. Ry. v. Atkins, 46 Ark., 430.*

And so as to the question of the absence of lights. The testimony was conflicting, but the jury found there was absence of lights.

The first instruction asked by appellee was proper. See *St. L., I. M. & S. Ry. v. Freeman, 36 Ark., 41,* and *40 ib., 298.*

In support of the second instruction, see *Redf. on Ry's.* p. *217; 44 Ark., 329;* also *37 ib., 510.*

The substance of the sixth instruction asked by appellant had been given in others, and it was not error to refuse to multiply instructions on that point. *46 Ark., 436.*


SMITH, J. White recovered a verdict and judgment for $1000 against the railway company for injuries sustained by him as a passenger, in alighting from one of its trains. The supposed omission of duty by the defendant consisted in failing to stop the train long enough to enable the plaintiff to get off in safety, and in imperfectly lighting the station for which the plaintiff was bound. He was in his twentieth year, and the accident happened about 2 a. m., of a dark night. His testimony was, that as soon as the station was announced and the train had come to a stand-still, he arose from his seat, made his way out to the car-platform, saw no lights, and was in the act of stepping on to the station-platform, when the train suddenly started and threw him between the train and platform, crushing his foot. He also swore the train stopped about three minutes or less; that the cars were lighted, and cast some

32–48

light on the platform, which he could see as he was in the act of stepping off.

The other testimony, as well that for the defendant as that given in behalf of the plaintiff, conduced to establish the facts that the train stopped near three minutes, and the station was insufficiently lighted.

There is no doubt that the plaintiff received a painful injury, permanently impairing his ability to earn a livelihood. But the connection between that injury and the defendant's negligence is not so apparent. The length of the stop was sufficient to give him time to leave the train, under ordinary circumstances. He was young and presumably active, unincumbered with baggage, and the only passenger for that station. The failure of the company to adequately light its station and platform is not shown to have contributed directly to the injury. Nevertheless the jury may have concluded that this circumstance was a potent factor in producing the result. And as the case was submitted to them under proper instructions, there is no good reason for disturbing the verdict.

Affirmed.