WHARF IMPROVEMENT DISTRICT NUMBER ONE OF HELENA
v. UNITED STATES GYPSUM COMPANY.

Opinion delivered March 10, 1930.

292

*Bevens & Mundt* and *J. G. Burke,* for appellant.

*A. D. Whitehead, W. G. Dinning, amici curiae.*

KIRBY, J., (after stating the facts). Appellant insists for reversal that the court erred in overruling its demurrer to the complaint of appellee, and that the funds due from the appellant improvement district to the contractors were not subject to garnishment for debts due

from the contractors to appellee company for materials furnished, and used in the construction of the improvement when the suit was brought, and the decree rendered. It has long been the established rule that an improvement district or governmental agency is not subject to garnishment prior to the completion of the improvement to construct which it is created. *Newell Contracting Co.* v. *Elkins,* 161 Ark. 625, 257 S. W. 54, and cases cited. It is likewise true that insolvency of the debtor must be alleged or shown before funds due from the improvement district to the debtor are subject to garnishment. Appellant's contention that the court erred in not sustaining its demurrer to the original complaint of appellee, which did not allege the insolvency of the debtors sued, and did allege that the buildings of the improvement district have never been completed and remain uncompleted at the present time, avails nothing here. A hearing was had wherein it was shown that the buildings the contractors were bound to construct, and for which materials were furnished them by appellee company, were substantially completed, as the chancellor found, and had long been in the possession of the district before the bringing of the suit. The insolvency of the contractors was also alleged by way of amendment to the complaint, which was not denied, before the hearing was had. Appellant's answer also disclosed that it would be the contention of the contractors that the improvement was completed, although it denied that such was the case. Conceding that the complaint as filed was demurrable, the facts themselves shown on the hearing supplied any defects of the complaint existing because of the allegations thereof not having been made therein.

In answer to the contention by the brief of *amici curiae* for the surety company, that the appeal should be dismissed, not having been taken in the time allowed by law, appellant insists that such brief cannot be considered, since no appeal was taken by the surety company, upon whose part the brief and motion was filed, and also

that the contention is without merit. It is true that upon the first hearing the court decreed on the 23d day of July, 1928, that appellee company was entitled to recover the sum claimed from the insolvent contractors, and judgment against the garnishee district subjecting the amount due from it to the insolvent contractors to the payment of the judgment recovered by appellee against the contractors for materials furnished which was impounded and ordered paid to appellee in satisfaction of said indebtedness, and from which no appeal was taken. It also held that it was necessary to have an account stated in order to determine the amount due from the district to the contractors and appointed a master for the purpose. No appeal was taken from this decree by the appellant, but only from the one called a final decree entered the 23d day of May, 1929. An appeal must be taken from final judgments and decrees within the time prescribed by the statute for perfecting appeals, six months in this instance. Section 2140, C. & M. Digest. This first decree determined the rights of the appellee to recover the amount of its claim against the insolvent contractors, and to have the balance remaining due such contractors from the improvement district ascertained, impounded and paid on the garnishment in settlement thereof. There was nothing further left for adjudication but only an ascertainment of the amount due, which was subjected to the payment of the judgment rendered, and the last decree appears to have recognized that such was the case in making the first decree perpetual. It was a final decree adjudicating the rights of the parties, and the appeal should have been taken therefrom. *Flanagan* v. *Drainage District,* 176 Ark. 31, 2 S. W. (2d) 70.

Appellant insists further that the decree sustaining the equitable garnishment and fixing a lien on the funds due from the district to the insolvent contractors is void under the provisions of the National Bankruptcy Act, § 67, paragraph F (11 U. S. C. A., § 107f). There is no evidence in the record of the time of the adjudication in

bankruptcy of the insolvent contractors, or that there has been such adjudication, and there is no indication that any claims have been or will be made against the improvement district for collection for the bankrupt estates of the money that was due from it to the contractors under the contract for the construction of the improvement. If appellant feared that there was any liability on its part for the payment of the money due from it to the contractors upon a claim by the trustee for the benefit of the bankrupt estates, it should have made the trustee a party to the proceeding, that all the rights might be finally adjudicated. It neither did this nor made any allegation showing the condition or asking any relief against the contingency of a liability to payment of the money due the contractors to the estates of the bankrupts for the benefit of its creditors, and cannot, under this contention, avoid or evade the force and effect of appellee's judgment.

We find no error in the record, and the decree must be affirmed. It is so ordered.