AMERICAN SURETY COMPANY *v.* KINNEAR MANUFACTURING COMPANY.

Opinion delivered July 7, 1930.

W. G. *Dinning,* for appellant.

*Moore & Moore,* for appellee.

SMITH, J. This is the third appeal involving suits by contractors who furnished labor or material, or both, used in the construction of the River Terminal by Wharf Improvement District No. 1 of the City of Helena. A controlling question in each of these cases was whether the suits had been commenced within six months of the date of the completion of the improvement.

The two former appeals were from decrees in which the chancellor held that the improvement had been completed more than six months prior to the time of the institution of those suits. *Wharf Imp. Dist. No. 1 of Helena* v. *U. S. Gypsum Co.,* 181 Ark. 288, 25 S. W. (2d) 425; *Perry Hanson Gin Co.* v. *American Surety Co.,* 181 Ark. 1150, 26 S. W. (2d) 1113. In the instant case there was a verdict by a jury and judgment thereon in favor of the plaintiff subcontractor against the principal contractors and the surety on their construction bond, and this appeal is from that judgment.

The opinions in the former cases recognized that there was a conflict in the testimony on the question of the date of the completion of the work, and in the last-mentioned of these two cases it was said: ''In addition to this, it may be said that the chancellor found from the evidence that the improvement was completed more than six months before the beginning of this suit. The chancellor's finding is conclusive unless it is against the preponderance of the evidence. We have reached the conclusion that the finding in this case is supported by a

preponderance of the evidence, and the decree is affirmed.''

It appears, however, that, while the testimony in the instant case is sufficiently similar to that on the former appeals to render a restatement of the facts unnecessary, the testimony is not identical. There were some depositions which were used in all three cases, but there was some oral testimony offered at the trial from which this appeal comes.

The two former cases were tried before the chancellor, while the instant case was heard by a jury, and the instructions given by the court at this trial show that the liability of the surety on the bond of the principal contractors was made to depend upon the question of the date of the completion of the improvement. The jury was told that the plaintiff subcontractor had the right to recover against the surety of the principal contractors if the suit was brought within six months of the date of the completion of the work, and the verdict in favor of the plaintiff necessarily implies the finding by the jury that the suit was brought within that time.

Although the finding of fact in the instant case is contrary to the finding of fact made by the chancellor in the former cases, the judgment here appealed from must be affirmed if there is any substantial testimony to support the verdict upon which the judgment was rendered, unless it must be reversed for some other reason. The plaintiff here was not a party to either of the former cases, and it is not concluded by the finding of the chancellor in those cases.

We would, therefore, affirm the judgment in the instant case, so far as the sufficiency of the testimony is concerned, notwithstanding the finding of fact by the chancellor in the former appeals, if the testimony heard at the trial from which this appeal comes is legally sufficient for that purpose; and we think it is. It must be remembered that we do not reverse the decrees of chancery courts on the facts unless the findings based on those

facts appear to us to be contrary to the preponderance of the evidence; whereas in appeals from judgments rendered upon verdicts of juries we are required to affirm, so far as the sufficiency of the testimony is concerned, if the testimony tending to support the verdicts is sufficient for that purpose, when given its highest probative value. This results from the fact that in chancery appeals we try the cases *de novo,* whereas in law cases we do not.

These questions were considered in the case of *Simpson* v. *Martin,* 174 Ark. 956, 298 S. W. 861, which cited the case of *Bush* v. *Alexander,* 134 Ark. 307, 203 S. W. 1098. Those cases involved the title to adjoining tracts of land owned by different parties, but the controlling question in each case was whether the land in litigation formed as an accretion to other lands the title to which was not in dispute. In the *Bush* v. *Alexander* case the judgment of the court, based upon the verdict of the jury finding that the land in litigation was an accretion, was. not reversed, because that verdict was supported by testimony legally sufficient to support that finding; whereas the decree in the case of *Simpson* v. *Martin,* based upon the finding that there was no accretion, but an avulsion, was affirmed, because that finding did not appear to be contrary to the preponderance of the evidence. The Simpson case was a chancery case and was tried *de novo;* the Bush case was a law case and was, therefore, not tried *de novo* on the appeal.

As the testimony here is in conflict as to the date of the completion of the work, and is legally sufficient to support the finding that the work had not been completed more than six months prior to commencement of the instant case, we would be required to affirm the judgment from which this appeal comes, notwithstanding the decrees on the former appeals and our affirmance of them, if no other question was presented for our decision. But there is another question. Appellant asked an instruction numbered 6, reading as follows: "If you find from the testimony in this case that W. F. Schulz was

the architect and had the supervision of the construction of the improvement, and that as such on the 31st day of March, 1927, executed and delivered to the Commissioners of Wharf Improvement District No. 1 of Helena, Arkansas, his ninth and final estimate of the work performed under such contract showing a completion thereof, then you will find that such final estimate constituted an acceptance of the improvement, unless you find that the commissioners of said district expressly repudiated the act of the architect, and gave notice of such repudiation, both to the contractor and to the architect, or took any other course that may have been provided for by the terms of the contract.''

The court refused to give this instruction as requested, and gave it as amended, and as amended and given it reads as follows: ''If you find from the testimony in this case that W. F. Schulz was the architect and had the supervision of the construction of the improvement, and that as such on the 31st day of March, 1927, executed and delivered to the Commissioners of Wharf Improvement District No. 1 of Helena, Arkansas, his ninth and final estimate of the work performed under such contract showing a completion thereof, then you will take that into consideration as to whether or not that said building was accepted as being completed.''

It is apparent that the effect of the amended instruction is to make the final estimate of the supervising architect evidentiary merely of the fact that the work had been completed when the estimate was given; whereas it is insisted, for the reversal of the judgment, that the principal contractors were not entitled to the estimate until the work had been completed, and that, in the absence of actual fraud or such inattention and indifference to the interests of the improvement district as to imply bad faith, the estimate is conclusive of the fact, unless questioned in the manner provided by the building contract. It was not insisted at the trial below that

the architect was guilty of actual fraud or that inattention and indifference which implied bad faith.

The building contract was offered in evidence, and § 39 thereof reads as follows: "Architect's Decision—The architect shall, within a reasonable time, make decisions on all claims of the owner or contractor and on all other matters relating to the execution and progress of the work or the interpretation of the contract documents. The architect's decisions, in matters relating to artistic effect, shall be final, if within the terms of the contract documents. Except as above or as otherwise expressly provided in the contract documents, all the architect's decisions are subject to arbitration."

This provision, or a similar one, appears in most contracts of this character, and has uniformly been construed as meaning that the architect is constituted an arbiter between the owner and the contractor. *Illinois Surety Co.* v. *U. S.*, 240 U. S. 214; *U. S. Fidelity Co.* v. *Board of Com'rs.*, 137 Ark. 375, 209 S. W. 88; *Boston Store* v. *Schleuter*, 88 Ark. 213, 114 S. W. 242; *Hill* v. *Cone*, 176 Ark. 704, 2 S. W. (2d) 700, and cases there cited.

The last paragraph of this section recites that the architect's decisions in matters relating to artistic effect shall be final if that question arises under the building contract. This means, of course, in the absence of fraud or such inattention and indifference as implies bad faith. The paragraph concludes with the proviso that "Except as above or as otherwise expressly provided in the contract documents, all the architect's decisions are subject to arbitration."

The question here involved is not one of artistic effect; therefore the decision of the architect is not final; but we think the effect of the proviso last quoted is to make it final unless one party or the other questions the decision and requests an arbitration. The language is meaningless if it does not mean this. We, therefore, conclude that instruction numbered 6 should have been given in the form requested, and that it was error to modify

it over appellant's objection, and for this error the judgment must be reversed, and it is so ordered.