## Texarkana *v.* Offenhauser.

Opinion delivered September 22, 1930.

*Willis B. Smith* and *J. A. R. Moseley, Jr.,* for appellant.

*Will Steel* and *Gustavus G. Pope,* for appellee.

KIRBY, J., (after stating the facts). Appellant insists for reversal that the court erred in holding that the funds due from the city to the contractor and paid to his surety company for completing the improvement were subject to garnishment for debts due from the contractor to either of appellees, not being for materials furnished or labor done in connection with the construction of the improvement. It has long been the established rule that an improvement district or governmental agency is not subject to garnishment at the instance of creditors of the contractor prior to the completion of the improvement contracted to be constructed. *Newell Construction Co.* v. *Elkins,* 161 Ark. 625, 257 S. W. 54; *Wharf Imp. Dist. of Helena* v. *U. S. Gypsum Co.,* 181 Ark. 289, 25 S. W. (2d) 425.

The court's finding that the improvement to be constructed was completed at the time of the issuance of the garnishments was contrary to the preponderance and weight of the testimony, which was virtually undisputed, that it had not been completed, and the court erred in holding otherwise.

Under the terms of the bond, a common law bond, the surety company was liable to the payment of the accounts for feed furnished the contractor for the mules used in the construction of the improvement as well as for the gasoline purchased for operation of the motor equipment used thereon. The bond provides: "This bond is also made for the use and benefit of all persons, partnerships, firms or corporations who may furnish materials and labor for or on account of said contractor, or any of his sub-contractors in the construction of said landing strips, and this bond is conditioned that such contractor or contractors shall pay all indebtedness for labor and material furnished in the construction of said landing strips or in making said public improvements; and until said indebtedness for labor and material is fully paid, said bond shall continue in full force and effect, and said contractors, material furnishers and persons who perform labor upon said landing strips and each of them are hereby made obligees hereunder, the same as though their own proper names were written herein as such and they, and each of them may sue hereon."

In the application for the bond the contractor made an assignment and transfer of all deferred payments and retained percentages that might be due and payable to him at the time of any default in the contract or that might thereafter become due him under the contract "to be by it credited upon any loss, cost, damage, charge and expense sustained or incurred by it under said bond." The terms of the bond herein are broad enough to cover and include the payment of these claims and the case is not controlled by the decision in *Goode* v. *Ætna Cas-*

*ualty & Surety Co.,* 178 Ark. 471, 13 S. W. (2d) 6, but rather upon a proper construction of its terms by the rule announced in *Mansfield Lbr. Co.* v. *National Surety Co.,* 176 Ark. 1035, 5 S. W. (2d) 294, and *Leslie Lbr. & Supply Co.* v. *Lawrence,* 178 Ark. 574, 11 S. W. 458.

This bond recites it is also made for the use and benefit of all persons who may furnish materials or labor for or on account of said contractor in the construction of the landing strips, conditioned "that such contractor or contractors shall pay all indebtedness for labor and material furnished in the construction of said landing strips or in making said public improvements"; and expressly that all such persons are made obligees in the bond and entitled to sue thereon.

There is no question here of the materials furnished not being used in the construction of the improvement within the meaning of the bond, nor of any proper assignment of the claims not being made. The groceries charged for were furnished to the contractor and by him advanced and distributed to the laborers. It is also true that the surety on the contractor's bond who completed the contract in accordance with its terms upon default of his principal is subrogated to the rights of the obligees in the bond to the extent necessary to reimburse himself, and has an equity in the funds due the contractor under the terms of the contract superior to that of a general creditor or an assignee or one who loans money to the contractor to pay for labor or materials necessary to complete the work. *Lacey* v. *Maryland Casualty Co.,* 32 Fed. Rep. (2d) 28; *Riverview State Bank* v. *Wentz,* 34 Fed. (2d) 419; Note 45 A. L. R., p. 381; *Prairie State Bank* v. *U. S.,* 164 U. S. 227, 17 S. Ct. 142; *Henningsen* v. *U. S. F. & G. Co.,* 208 U. S. 404, 28 S. Ct. 389.

None of the money paid to the surety company by the city upon completion of the improvement by it was paid to the contractor after writs of garnishment were served, and he had no claim to the funds remaining in the

hands of the city after making default on his contract, and there was therefore no money in the hands of the city belonging to the contractor at the time the garnishments were served which could have been subjected to the payment of the claims of appellees, and, as already said, the improvement was not completed- at the time the garnishments were issued and the city was not subject to garnishment. The decree is reversed accordingly, and the cause remanded with directions to dismiss the complaints of appellees against the city, garnishee, for want of equity.