EAST ARKANSAS LUMBER COMPANY *v.* MOSS.

4-2637

Opinion delivered July 11, 1932.

*L. Hunter* and *Carl L. Hunter,* for appellant.

*Ward & Ward,* for appellee.

HART, C. J., (after stating the facts). It is first insisted by counsel for the defendant that the great pre-

ponderance of the evidence shows that the accident occurred wholly on account of the negligence of the plaintiff, and that the trial court erred in not granting the defendant a new trial. This may be true, and still there is no reversible error on this account. It has been held repeatedly to be the duty of the trial court to set aside the verdict and grant a new trial where it is of the opinion that the verdict of the jury is contrary to the weight of the evidence. On the other hand, after the jury has weighed the evidence, and the trial court has given its approval of the finding of the jury by refusing to grant a new trial on the ground that the verdict is contrary to the evidence, it is the duty of this court to uphold the verdict where there is any evidence of a substantial character to support it. *St. Louis, Southwestern Railway Company* v. *Ellenwood,* 123 Ark. 428, 185 S. W. 768; and *Chalfant* v. *Haralson,* 176 Ark. 375, 3 S. W. (2d) 38, and cases cited.

The testimony of the plaintiff was as to matters about which she had personal knowledge. She testified that the truck of the defendant was driven so that it collided with her car in which she was sitting and which was parked in a driveway on the premises of the defendant corporation, where she had been on business. She testified that the extension bed of the truck hit her car before her husband had started to move it, and that the collision knocked off the knob of the door next to which she was sitting and broke her arm, which was lying on top of the lowered window of the door of the car. It is insisted by counsel for the defendant that it was a physical impossibility for the accident to have happened in this way, but the testimony of plaintiff shows that, if her arm was lying in the position that she indicated to the jury it might have been, and was struck by the extension bed of the truck of the defendant, which was being driven through the driveway by one of its servants. Her testimony warranted the jury in finding a verdict in her favor on the question of the negligence of the defendant. It

cannot be said as a matter of law that she was negligent in sitting in her car in the driveway of the defendant's place of business with her arm extending to some extent beyond the window of her car. The question of her contributory negligence in this regard was for the jury. Therefore we find that the evidence was legally sufficient to warrant the verdict. *Wells* v. *Sheppard,* 135 Ark. 466, 205 S. W. 806; and *Kittrell* v. *Wilkerson,* 177 Ark. 1174, 9 S. W. (2d) 788.

It is next insisted by counsel for the defendant that the judgment must be reversed because one of the jurors was related to the plaintiff within the prohibited degree of consanguinity. One of the defendant's grounds for a new trial was that one of the jurors was related to plaintiff's counsel within the degree of consanguinity, disqualifying him as a juror, and that such fact of relationship was not discovered by the defendant until after the verdict had been returned and judgment rendered. It is insisted that the juror was disqualified because it is generally known that in damage suits of this sort the attorney of the plaintiff has a contingent fee. There is no proof of this, however, in the record. There is no evidence in the record that the juror was asked questions for the purpose of ascertaining his qualifications. A new trial will not be granted on account of the disqualification of the juror by reason of the relationship to the appellee where the bill of exceptions does not disclose that on the *voir dire* any questions were asked as to relationship of the jurors to the parties. *Fones Bros. Hardware Company* v. *Mears,* 182 Ark. 533, 32 S. W. (2d) 313, and cases cited.

A mere statement in a motion for a new trial that questions were asked the jury and answers made, with no showing in the record, and no evidence supporting the motion for a new trial, is insufficient to raise a question as to the juror's disqualification. *Van Fleet-Ellis Corporation* v. *Higginbotham,* 182 Ark. 812, 32 S. W. (2d) 800.

We find no reversible error in the record, and the judgment will therefore be affirmed.