## BARBER *v.* PARKER.

4-3636

Opinion delivered December 10, 1934.

*Hardin & Barton,* for appellant.

*D. H. Howell,* for appellee.

HUMPHREYS, J. Appellee brought suit in the circuit court of Crawford County against appellant to recover damages in the sum of $5,000 for injuries received while assisting to fill a pit or shaft fourteen feet long, ten feet wide, and fifteen feet deep with green concrete to serve as a foundation for a concrete pillar to be constructed thereon.

It was alleged in the complaint that he had never worked in a pit or shaft in which concrete was being

poured; that he had no knowledge or way of knowing that the cement in the concrete would burn and blister his feet and legs; that in entering said pit he relied on the superior knowledge of appellant to furnish him a safe place in which to work; that the appellant knew that the cement would burn and blister his feet and legs; and that appellant carelessly and negligently directed him to enter said pit without giving him any warning that he would be injured by doing so.

Appellant filed an answer denying each allegation of the complaint and pleading contributory negligence on the part of appellee, and the assumption of the risk by him as affirmative defenses to the alleged cause of action.

The cause was submitted to a jury upon the pleadings, the evidence adduced by the respective parties, and the instructions of the court, which resulted in a verdict and consequent judgment in the sum of $1,000, from which is this appeal.

Appellant's first contention for a reversal of the judgment is that the evidence is insufficient to support the verdict.

The testimony introduced by appellee was, in substance, as follows:

He, appellee, was directed by appellant to enter the pit with the straw boss and other employees and place the green concrete in the form prepared to receive it; that all of them wore rubber boots, some hip boots, and others knee boots; that he wore knee boots; that as the work progressed, the employees would sink deeper and deeper into the concrete until at quitting time that evening the concrete would come up to their hips when lifting the forms or timbers higher up to hold the concrete in place; that some of the concrete got into appellee's boots and clothes, and about thirty minutes before they ceased to work began to sting and burn his feet and legs; that he made this fact known to the straw boss, who told him when they quit to wash out his clothes and boots; that, in obedience to his directions, he went to the creek and pulled off his overalls and boots and

washed them out, after which he put them back on to go home; that on the way home, his feet and legs began to hurt, so he immediately took a bath and changed clothes; that he continued to suffer and was taken to a doctor that night, who treated his feet and legs and bandaged · his left leg; that he could not rest or sleep, so the next day they removed the bandage, and the skin came off; that his legs were affected from six inches above the knees down to the feet; that he was removed to the hos· pital, where he was treated for the burns, and afterwards went home and was treated; that, during the time of his treatment, he was given hypodermics to relieve the suffering; that pus ran out of the sores ·for two or three months; that, as a result, in addition to the scars, his joints became stiff, and his knees ache and pain him when he works; that, at the time he was directed to enter the pit, he was not warned of the danger, and had never had any experience in wading in concrete, and did not know that concrete would burn his legs and feet if it should get into his boots or overalls; that his only experience in working with concrete was on the road and at the Grotto Club, where he got some of it on his hands, which made a few sores on them; that, on Friday after he received his injuries, appellant visited him and said he was sorry he had not told him that concrete would burn if it got into his boots or clothes; that he was taken to the hospital ·by appellant.

The evidence, thus stated in the most favorable light to appellee, is substantial and sufficient to fix liability on appellant under the law governing an employer and employee. Appellant was cognizant of the latent danger incident to wading in green concrete, and the appellee was not. Appellee had no knowledge by experience or otherwise that if the green concrete got into his boots or overalls, it would burn his feet and legs. Under these circumstances, the law imposed the duty on appellant (employer) to warn appellee (employee) of the latent danger incident to the employment. The danger was not patent; so, under the circumstances, appellee was not required as a matter of law to take notice of it. As soon as he was instructed to wash out his boots and overalls,

he did so; hence it cannot be said as a matter of law that he was guilty of contributory negligence.

Under the circumstances, the failure to warn appellee of the latent danger was the proximate cause of the injuries.

Appellant also contends for a reversal of the judgment on account of instructions given and refused by the court. We have carefully read all the instructions with relation to the criticisms of them by appellant and have concluded that every issue arising in the case was correctly and fully covered by those given.

The judgment is therefore affirmed.