SALIBA *v.* ALLISON.

4-4363

Opinion delivered July 13, 1936.

*Frank C. Douglas*, for appellants.

*James G. Coston* and *J. T. Coston*, for appellees.

BAKER, J. Ed Allison and Broda Rogers sued N. S. Saliba, his wife, his two sons, Fred and Alex, Melbiner Saliba and Mabel Simon to recover damages for injuries alleged to have been suffered in a motor vehicle wreck. Allison sought a recovery for the damage done his automobile and Rogers for personal injuries.

The trial court dismissed the action as to all parties except N. S. Saliba, Fred and Alex Saliba.

No instructions are abstracted and, on that account, we must and do presume that the case was submitted under proper instructions, unless the trial court should have directed the verdict for or on account of some of the matters presented upon appeal.

It is argued (1) that the separate causes of action of Broda Rogers and Ed Allison should not have been joined, and (2) the evidence is not sufficient to sustain the verdicts and consequent judgments.

The accident occurred on highway No. 61, a paved roadway 20 feet wide, running out of Memphis, through Joiner and Osceola in Mississippi county. Alex Saliba, who lived with his parents at Joiner, was the driver of a truck from Joiner to Dyess Colony 18 miles away. Several neighbors of the Saliba family had employment at

Dyess Colony and had no means of transportation from their homes to their respective jobs. They were taken back and forth in the truck by Alex Saliba.

It should be said that Alex Saliba was also employed at Dyess Colony and drove each morning to his place of employment, returning each day to his home.

This was the occasion for the use of the truck by him. These neighbors who had no other means of transportation were picked up by Alex Saliba early in the morning and were taken to their employment and returned at night.

The price charged for this transportation service was 25 cents for the round trip payable only on the days the passenger worked, which indicates rather clearly the fact the truck was not operated for a business profit. There is no showing as to any returns over and above expense for gasoline, oil and repairs, on account of which the defendants allege the charge was made.

The defense of Fred Saliba and his father, N. S. Saliba, is that they had nothing to do with the operation of the truck in this matter of furnishing transportation. They say Fred owned the truck, and had bill of sale from the seller to show that fact. He permitted his brother to use the truck.

It appears the laborers did not pay cash, but generally paid at N. S. Saliba's store, either to Fred or N. S. Saliba. Their checks were cashed at the store and the transportation money was deducted.

While this system was in operation the accident happened. The plaintiffs allege and it might well have been found, as it was by the jury, that early in the morning of September 4, 1934, before it was light enough to dispense with lights, Alex Saliba, driving the truck, stopped on the shoulder, off the pavement, on the east side of the road, to take on two laborers, and then turned directly across the highway to enter upon another road leading to Dyess Colony. At this time the truck was headed in a northwesterly direction. It was at this particular moment that plaintiff Allison was approaching from the south driving at a speed of 35 or 40 miles per hour. Plaintiff's step-son, Barnaby, was driving plaintiff's au-

tomobile. They say that although their lights were good, and their brakes in good condition, they did not see the truck in time to stop and avoid the collision. They assert the body of the truck was unpainted and that no tail light was burning. The truck was struck in the rear near the right side.

It is not certain whether the truck, after turning across the highway, continued toward the Dyess Colony road or stopped while still partly on the pavement of highway No. 61, at all events, it was struck while still on the pavement. Plaintiff's car was damaged, Broda Rogers was thrown out upon the pavement, and so injured as to be wholly disabled for several weeks. The amounts recovered, if liability be justly found, $50 for Allison, and $250 for Rogers, cannot be seriously questioned.

Fred Saliba, by cross-complaint, sued Allison for damages done his truck.

The first error urged is that the suits of Allison and Rogers are improperly joined. They allege the same matter of negligence as their respective causes of action. The testimony necessary to sustain each case, if tried separately, is very largely the same. This joinder is in accordance with § 1076 of Crawford & Moses' Digest, therefore not only permissible, but is correct practice.

It is, also, strongly argued that plaintiff, Allison, was operating a rear car following Saliba's truck, and that the law imposed upon the plaintiff the duty to keep a lookout for the front car and to keep his vehicle under control so that a collision would not happen under the rule announced in *Madison-Smith Cadillac Co.* v. *Lloyd*, 184 Ark. 542, 43 S. W. (2d) 729, to the effect that the forward or leading car has the superior right to the use of the highway for the purpose of leaving it on either side to enter intersecting roads. The only error in this contention is that Saliba had ended his forward trip on highway No. 61, had stopped on the road-side, then had turned sharply to his left and had driven upon the highway. No kind of watchfulness could have anticipated this action. But if he had had a tail light the truck's

position might have been observed for such a distance that the collision could have been avoided. At least, the jury so found upon evidence sufficient to sustain the verdict.

The only other question is that of the liability of N. S. Saliba and Fred Saliba.

The driver of the truck was less than 17 years old at the time of the accident, he was still living at home, just as Fred was, who worked in the store. The truck was sometimes used in the business. Fred, the alleged owner of the truck, as well as their father, collected the transportation charges, or, at least, received them. There is no showing that Fred had or made any use of the truck except in the common business in which all were engaged. Both sons were, apparently, from this record, under control of the father. It was not necessary that N. S. Saliba have legal ownership to make him liable. *Pollock Stores Co.* v. *Chatwell, ante* p. 83, 90 S. W. (2d) 213.

The jury might well have found under proper instructions that the operation of the truck was a joint enterprise of the father and two sons, as an aid to increase their aggregate earnings. If so, the driver was servant or agent of all, whose negligence bound them all. *American Baking Co.* v. *Hyman,* 185 Ark. 310, 47 S. W. (2d) 45; *Tchula Co-op. Store* v. *Quattlebaum,* 176 Ark. 780, 4 S. W. (2d) 919.

The questions of negligence and contributory negligence were settled by the verdict. *Kittrell* v. *Wilkerson,* 177 Ark. 1174, 9 S. W. (2d) 788.

No error appearing, judgment is affirmed.