HARMON v. WARD.

4-6249                                    149 S. W. 2d 575

Opinion delivered March 24, 1941.

*Paul E. Gutensohn* and *Warner & Warner,* for appellant.

*Chas. I. Evans,* for appellee.

MEHAFFY, J. The appellee brought this suit in the southern district of the circuit court of Logan county on February 17, 1940, to recover damages in the sum of $3,000 for personal injuries alleged to have been caused by pouring dry cement and lime into the hopper of a concrete mixer used by appellant in constructing buildings at the State Sanitorium near Booneville, Arkansas.

Appellee alleged in his complaint that he was a resident of the southern district of Logan county, Arkansas, and that appellant is a resident of the state of Oklahoma engaged in the general contracting business, and was so engaged at all of the dates mentioned herein; that appellant was awarded a contract to erect a building near Booneville and entered upon the performance of the contract on his part; appellee was born and reared on a

farm and has spent his entire life upon the farm, knows no other business, calling or profession except, before receiving the injuries herein complained of, he could do unskilled manual labor; in August, 1939, appellee was employed by the appellant as a common laborer, and doing such jobs as he was directed to do by his superiors; he had been working only a short time when he was directed by his foreman, an employee of appellant, to pour dry cement and lime into the hopper of a concrete mixer; he had never before performed such a duty, was wholly inexperienced in working with and about dry cement and lime and did not know the danger to himself, and the appellant, his agents, servants and employees in charge of the business did not instruct and warn plaintiff of the danger incident to such work; in obedience to the command of his superior, and in complete ignorance of the danger to himself, he proceeded for a number of hours to carry sacks of cement and lime which he emptied into the hopper as directed; in handling the cement and lime the same sifted through appellee's clothes, covering his body and when emptying the sacks of cement and lime as directed, a large amount of dust therefrom would arise and envelop appellee, getting into his eyes, ears, nose and throat, as well as covering his clothes and body; after four or five hours of this work his throat became sore, one eye began to burn and pain him severely; he began to burn under his arms, on his hands and arms, chest, stomach, legs and other parts of his body; that night appellee could not sleep because of the pain he suffered resulting from the burns and the effect of cement and lime which he handled; next day he called a physician and has since that time been under the care and treatment of a physician; his injuries became so serious and painful that he was compelled to go to a hospital and remain there several days; he has expended more than $100 for medical attention and treatment, and has been unable to work until the present time; he is 28 years of age, and, at the time of his burns and injuries, he was strong, healthy and able-bodied, capable of doing and did do hard manual labor, but since his injuries he has been wholly and continuously disabled from per-

forming any work or labor; as the result of the negligence of appellant and his servants and employees, he has suffered great and excruciating pain and anguish; that appellant was negligent in failing to warn and instruct appellee of the danger of handling dry cement and lime; was negligent in failing to exercise ordinary care to provide a reasonably safe place to work, and was negligent in failing to take such precautions as were necessary and proper to protect appellee from injury; appellee has suffered constant physical pain and mental anguish as a result of the burns and injuries suffered, and his injuries are permanent.

The appellant, on April 10, 1940, filed motion to require appellee to make the complaint more definite and certain. Appellee did this by interlining and adding the name of appellant's foreman. On the same date, appellant filed answer denying the material allegations of the complaint, and pleading specially contributory negligence and assumption of risk.

There was a verdict and judgment in favor of appellee in the sum of $3,000. Motion for new trial was filed and overruled, and the case is here on appeal.

The appellee testified in substance that he was 28 years old, married, and had one child; he was a farmer; was employed by appellant in constructing sanitorium buildings; had worked three days and six hours on the fourth day; when he first went to work he rolled a wheelbarrow, and also rolled a wheelbarrow on the second and third days that he worked; the next day he worked at the mixer; the foreman directed him to go to the mixer and dump cement and lime and he worked at that until five o'clock; he was told what proportion of lime and cement to mix; he had never handled dry cement before; was told to dump two sacks of cement and a measure of lime in each hopper full; cement and lime were put in the hopper and the machinery dumped it pretty fast; had no time to keep down the dust; the weather was hot, he perspired freely; had to lift cement 16 or 18 inches to pour it into the hopper and the dust would fog up from the lime and cement; he did not know that there was any danger to him in handling the cement or lime;

no one told him; he worked the entire afternoon that way; the cement was in sacks and weighed about 100 pounds; in handling these sacks during the afternoon the dust settled all over him, and just before finishing work he noticed that his arms were burning; he was also burning all over and had sweated through his clothes; it affected his throat; his eyes were burning; it was in his nose and burning on the arms; before he left the foreman told him to get vinegar, and he washed in vinegar and then went home; Short said the vinegar would cut off the lime and cement; he went home so hoarse he could not talk and his eyes were burning; he washed again in vinegar and used vaseline, but it did no good; the next day Mr. Short, the foreman, sent him to Dr. McConnell and he told him he was the worst burned man he ever saw; he took a knife and cut blisters, and then pulled it out of the skin with tweezers; his throat and eyes have not been the same since he was injured; he continued to go to Dr. McConnell until September 7th when he was released; his arms and hands had practically healed; the doctor gave him a statement that he was ready to go to work, but not in cement or lime; he would get worse, and then better, but he is still suffering constantly with his eyes, ears, nose and throat, and all over his body; he knew nothing about any kind of work, when he went to work for appellant, except farm work and common labor; he was strong and healthy and never had a doctor; since his injury, he has been unable to work, and suffers all the time with the injury to his throat, eyes, nose, ears, and other parts of his body.

Other witnesses testified to the injury received by appellee, and also as to his condition of health prior to the injury.

The evidence clearly shows that the appellant knew of the danger of working in cement and lime, and that appellee did not know of it. It was, therefore, the duty of the master to warn appellee of the danger.

This court recently said, in a very similar case: ''Appellant was cognizant of the latent danger incident to wading in green concrete, and the appellee·was not. Appellee had no knowledge by experience or otherwise

that if the green concrete got into his boots or overalls, it would burn his feet and legs. Under these circumstances, the law imposed the duty on the appellant (employer) to warn appellee (employee) of the latent danger incident to the employment. The danger was not patent; so, under the circumstances, appellee was not required as a matter of law to take notice of it." *Barber* v. *Parker,* 190 Ark. 34, 76 S. W. 2d 973.

"Where an employer knows the danger to which his servant will be exposed in the performance of any labor to which he assigns him, and does not give him sufficient and reasonable notice thereof, its dangers not being obvious, and the servant, without negligence on his own part, through inexperience, or through reliance on the directions given, fails to perceive or understand the risk, and is injured, the employer is responsible. The dangers of a particular position or mode of doing work are often apparent to a person of capacity or knowledge of the subject, while others, from youth, inexperience, or want of capacity, may fail to appreciate them; and a servant, even with his own consent, is not to be exposed to such dangers, unless with instructions and cautions sufficient to enable him to comprehend them, and to do his work safely with proper care on his own part." 3 Labatt's Master and Servant, (2 ed.) 3059, 3060.

Appellant's first contention is that no actionable negligence of appellant was proved, and that appellee was not entitled to recover. If the master failed to warn the servant and because of that failure the servant was injured, this failure to warn him was negligence, and it seems clear from the evidence that the appellee did not know about the danger, and that the employer did. The appellee testified that the master did not give him any warning, and whether he did give warning or not was a question of fact for the jury, and its finding is conclusive here.

It is the province of the jury to determine the credibility of the witnesses and the weight of the testimony, and this court will not set aside a verdict supported by substantial evidence. In this case, there was substantial

evidence not only that the appellee was ignorant of the danger, but that the master did not give him any warning.

In determining the sufficiency of the evidence, this court will consider the appellee's evidence alone, and if there is any substantial evidence to support the verdict, it will not be disturbed by this court. *Browne* v. *Dugan,* 189 Ark. 551, 74 S. W. 2d 640; *Missouri Pacific Transportation Co.* v. *Sharp,* 194 Ark. 405, 108 S. W. 2d 579.

We said, in the last case: "In testing the sufficiency of the evidence, such evidence will be viewed in the light most favorable to the appellee and will be sustained where there is any substantial testimony to support it, although it may appear to the appellate court to be against the preponderance."

Appellant has cited and quoted from many authorities. We do not discuss them because practically all of them are cases in which the knowledge of the servant was equal to the knowledge of the master, and here it is conclusively shown that the servant had no knowledge of the danger.

It is next contended by appellant that the appellee's injury was not proximately caused by the appellant's negligence. This contention is apparently based on the testimony of the doctors, who said that in their opinion appellee was suffering from dermatitis. Webster defines dermatitis as an "inflammation of the skin." The American Illustrated Medical Dictionary gives numbers of causes, but one of the causes given is that it is due to a burn, scald, or sunburn. In appellee's case, it was due to a burn by the cement and lime.

It is argued that he recovered from the concrete burns, but that opinion is against the evidence. Moreover, this question was settled by the verdict of the jury under proper instructions from the court, and they evidently believed, as they had a right to believe from the evidence, that the burn from the cement and lime was the cause of appellee's injury and suffering. The doctors did not pretend to know what caused the dermatitis, but they apparently concluded that it was caused from something other than the burns.

The verdict on this question is supported by substantial evidence.

It is next contended that the court erred in giving appellee's instruction No. 1, which reads as follows:

"If you find from the preponderance of the evidence that the plaintiff, Ward, was inexperienced in handling cement and lime, it was the duty of the defendant, Harmon, before ordering plaintiff, Ward, to handle, pour and mix the cement and lime, if you find that he so ordered him, to warn plaintiff fully of the latent or hidden dangers incident thereto, if there were any, of which defendant, Harmon, knew, or, in the exercise of ordinary care, he ought to have known, and defendant Harmon's duty to plaintiff Ward extended even to patent or known dangers which Harmon knew that Ward, by reason of inexperience, was not aware of the danger to which he was exposed, if any, or which were unknown to Ward from any cause, and which would not be ascertained except by a person of peculiar knowledge, which he had no reason to suspect that Ward possessed."

Appellant argues that the instruction was abstract and did not have reference to the evidence in the case and the issues presented by the facts. The appellant is in error about this. The instruction states the facts and tells the jury that if they find from the evidence that Ward was inexperienced, it was the duty of appellant to warn and instruct him. As it appears to us, the instruction is based squarely on the evidence.

Appellant also objects to instruction No. 2 and says that the vice in this instruction is manifest because it is erroneously assumed therein that defendant failed in his duty to the plaintiff. The instruction does not assume this. In fact, it tells the jury that if appellant failed in his duty, as explained in these instructions, and such failure was the proximate cause of. the injury, if any, then they should find for the plaintiff, unless he was guilty of contributory negligence, or assumed the risk. It is argued that the court assumed that the injuries were proximately caused by appellant's negligence. Not only is this incorrect, but the question was submitted to the jury for it to decide.

It is then argued that the evidence shows that the appellee's skin disease had no connection with any negligent failure to warn appellee of cement burns. The argument is that the evidence shows that the injury to appellee was not from cement burns at all, and that only surmise and conjecture support such a claim. The evidence introduced by appellee shows that the injuries were caused by the cement burns, and the surmise or conjecture is that it was caused by something else. However, this was a question submitted to the jury under proper instructions, and is conclusive here.

Objection is also made to instruction No. 10. There was only a general objection, and appellant argues that No. 10 should not have been given because it assumed the evidence was sufficient to entitle plaintiff to recover. We think that the instruction not only does not assume this, but it submits this question to the jury for its determination, and its verdict is binding on this court.

Appellant's last contention is that the verdict is excessive. The verdict is for $3,000 and we are of opinion that the evidence as to his injury, pain and suffering, was ample to justify the jury in finding for appellee in this amount.

A great number of instructions were given. We have carefully considered them all, and have reached the conclusion that there was no error in giving or refusing to give any instructions, and that the instructions as a whole fairly submitted the questions to the jury, and there was substantial evidence to support its finding.

The judgment is affirmed.