St. Louis Southwestern Railway Company v. Holwerk.

4-6820 163 S. W. 2d 175

Opinion delivered June 22, 1942.

*Lamb & Barrett,* for appellant.

*Leo J. Mundt,* for appellee.

588 

MEHAFFY, J. The appellee, Leah Holwerk, brought suit in the Phillips county circuit court against the appellant, Berryman Henwood, trustee for St. Louis Southwestern Railway Company, alleging that on July 31, 1941, she had purchased a ticket from the said railway company from Forrest City, Arkansas, to Pine Bluff, Arkansas, having paid the passenger fare required by the company. She became a passenger at that time, and while undertaking to board the train she was, through the carelessness and negligence of the servants, agents and employees of the said company, injured in the manner set out in her complaint. The complaint alleged that she is an elderly woman of very little physical strength; that she presented herself at the proper place to board the train, carrying her baggage; that the conductor in charge of said train failed in the manner provided by law to properly assist her, but permitted her alone to take her baggage and enter the car; her baggage was placed on the platform, and from thence forth she was left unassisted; she picked up her baggage and while making an effort to open the door that leads to the coach, she found it in such shape that it was difficult for a woman of her physical strength to take her baggage and get into the train; that while undertaking to enter the coach and while she was in the act of going into the car for the purpose of finding a seat, unattended and unassisted by any employee on said train, the train gave a violent and unusual jerk and jar, throwing her violently down and so injuring her that she has not fully recovered; she is about 65 years old and very slight of build; that as a result of said injuries she had inflicted upon her bruises and abrasions about the head, the right arm and leg; as she fell she struck the right side of her head and since the injury has suffered pain in the leg and arm and has continually suffered with headaches resulting from said injuries. There continues to be tenderness or pressure over the right occipital bone just behind the ear; there were contusions on her head, right arm and right leg; she suffered great mental pain and anguish and incurred medical bills; she has since been unable to prosecute her work; she is a seamstress, earning approximately $2.50 a day, and there has been a com-

plete loss of time from her occupation since the date of her injuries; she prays damages in the sum of $2,500.

Appellant filed answer admitting that he operates a line of railway in the state of Arkansas; denied each and every material allegation contained in the complaint, and specifically denied that plaintiff was injured by reason of any negligent conduct of the defendant's employees; states that the alleged injury to plaintiff, if any, was due solely to the negligence of plaintiff and want of care for her own safety.

There was a jury trial and a verdict and judgment for $500 in favor of appellee.

Appellant filed motion for new trial, stating that: "1. The court erred in refusing to instruct the jury to return a verdict for the defendant at the close of plaintiff's testimony.

"2. The court erred in refusing to instruct the jury to return a verdict for the defendant at the close of all the testimony.

"3. The court erred in giving plaintiff's requested instruction No. 3, over the objections and exceptions of the defendant.

"4. The court erred in giving plaintiff's requested instruction No. 6 over the objections and exceptions of the defendant.

"5. The verdict of the jury is contrary to the law.

"6. The verdict of the jury is contrary to the evidence.

"7. The verdict of the jury is contrary to both the law and the evidence."

Motion for new trial was overruled, and the case is here on appeal.

Appellant states in his brief that the errors relied on by him are three in number, although for practical purposes numbers one and three are the same:

"1. Refusal of the court to instruct a verdict in appellant's favor.

"2. The giving of plaintiff's request for instruction No. 3.

"3. That there is no substantial evidence to sustain the verdict."

Of course, No. 1 and No. 3 relied on are the same, and it is contended under them that the evidence is insufficient to support the verdict.

It is undisputed that appellee was a passenger on the train; that she boarded the train at Forrest City. It is also undisputed that she fell and was injured. She testified that when she approached the train a brakeman put the stool down and put her suitcase on the platform, but no one undertook to assist her. She picked up the suitcase and tried to open the door, but before she got it open the train jerked and threw her to the floor; the train started just as she was opening the door and the jerk threw her in; she was preparing to enter the coach but did not have a chance to do so; all she remembers is that the gentleman from Texas, Mr. Murphree, picked her up; they took her to the first seat from the door. When the conductor came in to collect the tickets, Mr. Murphree told him about appellee's falling. When appellee reached the station in Forrest City, she was told that the train was coming, and she went as quickly as she could and boarded the train; none of the agents, servants or employees of the railroad company undertook to assist her in any way; she had her suitcase in her hand and was preparing to enter the coach when the train gave the jerk and she fell. She cannot say whether the jerk was forward or backward; she was too sick to know; knows it was a violent jerk. She was 63 years old and was on her way to Dallas, Texas, to attend her son's wedding.

Since there is no controversy about the fact that appellee fell, and no contention that the verdict is excessive, it is unnecessary to set out the testimony as to her injuries and treatment by physicians.

C. J. Murphree was examined by deposition and testified that he lived in Dallas, Texas; he is 45 years old and B. & B. foreman; was a passenger on the Cotton Belt

Railroad on July 24, 1941, riding a pass to Dallas by way of Brinkley, Arkansas; he saw appellee coming up the steps of the coach; she had a suitcase; did not see the conductor or any other train employee assist her; the conductor was on the other end of the coach, and no one employed by the railroad assisted her with her luggage or in opening the door leading into the coach; she had not been given time to reach a seat before the train started; she reached down to pick up her suitcase when the train started; witness opened the door, and she fell through it; the train started with a jerk; no one connected with the train assisted her after the fall; witness himself opened the door; the jerk was violent, harder than passenger trains usually start; witness picked her up after the fall and helped her to a seat; when he first saw appellee he was talking to the brakeman and saw her coming up the steps with a small, heavy suitcase; the brakeman set her suitcase up in the vestibule; witness did not see him assist her. Witness does not know whether other passengers were disturbed by the jerk of the train.

It is contended by the appellant that to controvert any inference of negligence that might be drawn from the above testimony, appellant has set out the testimony of four members of the train crew. It is true that the members of the train crew testified, and that their testimony was in conflict with that of appellee and Murphree. But it is argued that to sustain the verdict, the jury has to disregard not only the testimony of appellant's employee, but also the testimony of passengers Ferguson, Koppel, and Mrs. Short, and that the jury had no right to do this. Appellant cites the case of *St. Louis-San Francisco Ry. Co.* v. *Porter,* 199 Ark. 133, 134 S. W. 2d 546. In that case the court said: "It was not negligence for the train to start and to apply as much steam pressure in the cylinders of the locomotive as was necessary for the purpose of starting the train." In that case appellee's testimony alone was relied on and one witness who boarded the train immediately behind appellee, testified that the train started so easily that he did not know when it started. Here, the evidence of both appellee and Mr.

Murphree, who was the foreman of B. & B. in Texas, showed that there was a violent jerk of the train which threw the appellee down and injured her.

We do not agree with appellant that to sustain the verdict of the jury, the jury would have had to disregard not only the testimony of appellant's employee, but also the testimony of three passengers. One of those passengers, Mr. Koppel, testified that he was a passenger on the train, and that his attention was attracted toward the rear door by some commotion in the rear of the car; he saw two men supporting a lady who was standing on her feet; at that time the train was standing still and remained still for one or two minutes; appellee asked witness' name, and she later communicated with him concerning Mrs. Holwerk's injury. He does not say that there was no violent jerk, but says he recalls nothing unusual; he was reading his paper and paid no attention. Mrs. Short, who was the wife of a locomotive engineer, testified that she did not notice anything unusual and knew nothing of the lady's being injured. The other witness, J. R. Ferguson, testified that he is employed by the B. & O. Railroad, and has been for sixteen years; his attention was attracted by unusual noise while the train was standing at the station. There is nothing in the testimony of any of these witnesses that contradicts the evidence of appellee. Mr. Ferguson, however, did testify that he knew she fell, but he did not see her fall; assisted her to a seat.

We think there is substantial evidence to show that the train started with a violent jerk before appellee had time to get to a seat, causing her to fall and injuring her. It is true that the railroad employees testified, and their testimony was in conflict with that of appellee and her witnesses.

This court said in a recent case: "In determining the sufficiency of the evidence, this court will consider the appellee's evidence alone, and if there is any substantial evidence to support the verdict, it will not be disturbed by this court." *Harmon* v. *Ward,* 202 Ark. 54, 149 S. W. 2d 575.

We also said in a recent case (*Missouri Pacific Transportation Company* v. *Sharp,* 194 Ark. 405, 108 S. W. 2d 575) : "In testing the sufficiency of the evidence to support a verdict the appellate court is controlled by general rules of universal application which have been recognized by this court in a long line of decisions. Among these are the following: that juries are the sole judges of the credibility of the witnesses and the weight to be given their testimony; on appeal, in testing the sufficiency of the evidence, such evidence will be viewed in the light most favorable to the appellee and will be sustained where there is any substantial testimony to support it, although it may appear to the appellate court to be against the preponderance." In support of this rule, the following cases were cited: *St. L., I. M., etc.,* v. *White,* 48 Ark. 495, 4 S. W. 52; *Richardson* v. *Cohen,* 113 Ark. 598, 167 S. W. 83; *American Surety Co.* v. *Kinnear Mfg. Co.,* 185 Ark. 593, 30 S. W. 2d 825; *So. Lbr. Co.* v. *Green,* 186 Ark. 209, 53 S. W. 2d 229; *East Ark. Lbr. Co.* v. *Moss,* 186 Ark. 30, 52 S. W. 2d 49; *American Co.* v. *Baker,* 187 Ark. 492, 60 S. W. 2d 572. See, also, *Brown* v. *Dugan,* 189 Ark. 551, 74 S. W. 2d 640.

There is a long line of cases to the effect that where the evidence is in conflict, it is the province of the jury, and not the court, to pass on the credibility of witnesses and the weight to be given to their testimony, and if there is any substantial evidence to support the verdict, it cannot be disturbed by this court, although we might believe that the preponderance of the evidence was against the finding of the jury.

As contended by appellant, the carrier is not an absolute insurer of the safety of its passengers, but it is required to exercise toward its passengers the highest degree of care which a prudent and cautious man would exercise, and that which is reasonably consistent with the mode of conveyance and practical operation of its trains.

Appellant objects to instruction No. 3, given at the request of the plaintiff, which is as follows: "You are instructed that it was the duty of the defendant or trustee operating for the railroad company to stop its trains at the station long enough to allow passengers to enter the

594

car of the train, and it is the duty of the passengers to enter the train with reasonable dispatch. You are further instructed that it is negligence for the defendant company to start its trains after it stops before the passengers have had a reasonable time to enter the train so that if you find from a preponderance of the evidence that the plaintiff, Leah Holwerk, was in the act of entering defendant's coach with reasonable dispatch and exercised due care for her own safety, and that the defendant did not stop its train long enough to permit her to enter it before the train started up, and by reason of this failure plaintiff was injured, then your verdict will be for the plaintiff, provided that the plaintiff herself was not guilty of contributory negligence.''

We think instruction No. 3 correctly states the law. Appellant has argued that the mere starting of a train before a passenger reached a seat, but after safely boarding it, does not constitute actionable negligence. The charge of negligence in this case is that the train was started with a violent and unusual jerk.

This court recently said in the case of *Hamburg Bank* v. *Jones,* 202 Ark. 622, 151 S. W. 2d 990: ''It is said the court erred in giving and refusing to give a number of instructions. These assignments cannot be considered, because appellant has failed to abstract or set out all the instructions given and refused. This court will not explore the record to determine whether error has been committed in this regard.''

The only question in this case for the jury, was whether the appellee was jerked or thrown down by the starting, jerking and lurching of the train before she had entered the coach.

We have carefully examined all the evidence and have reached the conclusion that there is substantial evidence to support the judgment. The fact that the evidence is in conflict makes it a jury question, and when the jury has found a verdict, and that verdict is sustained by substantial evidence, it will not be disturbed by this court.

The judgment is affirmed.