McDaniel v. Richards.

Opinion delivered January 12, 1920.

1. Judgment—res judicata.—Where a complaint on its face shows that a cause of action stated therein was between the same parties and involving the same subject-matter as that determined in a former suit between them, a demurrer in such case will be treated as a plea of *res judicata,* and the case disposed of as if a formal plea to that effect had been filed.

2. Judgment—res judicata.—All the issues that are determined, or that could be determined, in a suit are *res judicatae* in a subsequent suit between the same parties.

Appeal from Lee Chancery Court; *A. L. Hutchins,* Chancellor; affirmed.

*W. J. Lanier* and *R. J. Williams,* for appellant.

1. Mrs. McDaniel having paid the indebtedness secured by the trust deed is entitled to be subrogated to all the rights of Goodman Brothers, J. M. Baker, Julius Goodman and Effie N. Richards. 134 Ark. 526. Jas. G. Conlan was primarily liable, and his surety paid the notes and is entitled to subrogation to all rights of the original payee. 2 Daniel Neg. Ist. (5 Ed.), § 1343; 32 Cyc. 254-5, 261; 28 L. R. A. 528; 13 *Id.* 619 and note; 67 Ark. 200; 4 *Id.* 506; 23 *Id.* 530; 57 *Id.* 544; 96 *Id.* 268.

2. The statute of limitations begins to run against surety's right of action from time of payment of debt of principal. 21 R. C. L. 121; 27 A. & E. Enc. Law, 272; 32 Cyc. 264-5-9; 25 *Id.* 1113-14; 18 L. R. A. (N. S.) 585; 61 Am. Dec. 503 and note; 9 Yerger, 521; 1 Wood on Lim. (2 Ed.), § 145; 9 L. R. A. 411; 7 Baxter, 119; 14 Am. St. 559; 11 S. W. 92; 87 Am. St. 115.

3. Mrs. Effie N. Conlan having joined in the trust deed to secure indebtedness, takes subject thereto. 55

Ark. 234; 121 *Id.* 70; 132 *Id.* 71; 31 *Id.* 596; 64 *Id.* 518; 25 *Id.* 58; 9 R. C. L. 588; 5 L. R. A. 519; 14 Cyc. 914-18; 131 Ark. 232. The wife has no vested interest in her husband's lands, she having joined in deed or trust deed not to alienate any estate but to release a future contingent interest. 53 Ark. 279; 55 *Id.* 230.

4. If no express contract is made, the law implies a promise by the principal to make good any loss incurred by his surety. It is equivalent to an express request of the principal that the surety pay his debt. 5 How. 96; 23 Ark. 530; 16 *Id.* 72; 24 N. E. 1051; 47 Iowa 469; 29 Gratl. 280. No obligation becomes absolute when the debt has been paid. 56 Md. 567; 44 Mo. 336; 109 U. S. 665. Subrogation should have been allowed and decreed. 74 Ill. App. 524.

See also as to right to subrogation. 54 L. R. A. 614; 22 Gratl. 748; 23 N. W. 119; 23 N. J. Eq. 329.

Subrogation is a doctrine of chancery and can not be enforced in law. 33 Ala. 706; 9 Watts 451; 8 Mo. 408; 93 Am. Dec. 783; 34 Ark. 569.

5. A surety is entitled to every means the creditor had to enforce payment. 20 W. Va. 614; 22 Mo. App. 328; 17 N. J. Eq. 189; 48 Ohio St. 75; 10 Yerger 310; 5 Wendell 85.

6. Upon general demurrer the test is, can the pleading be cured by amendment? 91 Ark. 404; 70 *Id.* 161; 71 *Id.* 562; 77 *Id.* 351; 31 Cyc. 287-290. Payment by a surety does not discharge the right of subrogation. 73 Ark. 174; 127 *Id.* 462; 34 *Id.* 569; 123 *Id.* 81; 68 *Id.* 449; 96 *Id.* 268; 8 *Id.* 494; 16 *Id.* 84; 75 Va. 407; 19 Am. Dec. 629 and note; 4 Watts 451, etc.

*Daggett & Daggett,* for appellee.

The facts of this case are identical with those in 134 Ark. 519, and that case is conclusive of this and a final determination of this.

Wood, J. J. C. Conlan died in 1885, leaving Mrs. O. V. Conlan, his widow, and James G. Conlan and Mrs.

Clyde McDaniel, his only children. He owned in fee
certain land in Crittenden and Lee counties. His widow
on January 31, 1908, by quitclaim deed conveyed her
dower and homestead interests in the Lee County lands
to James G. Conlan and Mrs. Clyde McDaniel. On the
same day for valuable consideration by quitclaim deed
James G. Conlan and his wife, Mrs. Effie N. Conlan, and
his sister, Mrs. McDaniel, conveyed all their interests in
the Crittenden County lands to Mrs. O. V. Conlan. Mrs.
Effie N. Conlan joined in the deed relinquishing her
dower and homestead rights. On the same day Mrs.
McDaniel for a valuable consideration conveyed her one-
half interest in the Lee County lands to F. D. Granger,
who in turn conveyed to J. M. Baker. James G. Conlan
was indebted to Goodman Brothers in the sum of $3,575
for which he, his mother and sister on March 25, 1907,
executed and delivered their joint and several promis-
sory notes amounting in the aggregate to $3,582, due in
one, two, three, four and five years respectively, bearing
interest from maturity until paid at 10 per cent. per an-
num. To secure the payment of these notes James G.
Conlan and Mrs. O. V. Conlan, Mrs. McDaniel and her
husband, executed their deed of trust on all the lands
they owned in Crittenden and Lee counties. Mrs. Effie
Conlan joined in the trust deed relinquishing all her
dower and homestead interests. The debt was the sep-
arate debt of James G. Conlan. His mother and sister
signed the notes and deed of trust solely for the accom-
modation of James G. Conlan.

James G. Conlan paid the first note, due March 25,
1908, of $825 before his death, which occurred on June
27, 1908. He died without issue and left surviving him
his mother, his sister and his widow.

Mrs. O. V. Conlan died intestate December 15, 1910,
leaving her only heir Mrs. McDaniel. Mrs. Effie Conlan,
after the death of her husband, took possession of the
undivided one-half interest in the Lee County lands of
which her husband died seized and with rents arising
from these lands and partly from her own means paid the

remaining four notes secured by the deed of trust on the land to Goodman Brothers and J. M. Baker.

A suit was instituted by Mrs. McDaniel against Mrs. Effie N. Conlan *et al.* in the Lee Chancery Court to quiet title to land in Lee County and for the rents and profits against Mrs. Effie N. Conlan. In that suit Mrs. Conlan made her answer a cross-complaint in which she set up that she had paid the notes of her husband, James G. Conlan, and asked that her homestead and dower interests in the lands be set apart to her and that she be subrogated to the rights of Goodman Brothers and J. M. Baker, the holders of the notes, and that a lien be declared in her favor on the husband's undivided interest in the lands and that unless the same be paid that the lands be sold, etc. As a result of that suit the court dismissed Mrs. McDaniel's complaint for want of equity and entered a decree in favor of Mrs. Conlan subrogating her to the rights of Goodman Brothers in the deed of trust of $3,655.50 with interest at the rate of 10 per cent. per annum and decreed that the same was a lien on the lands to which Mrs. McDaniel was seeking to have the title quieted in Lee County and directed that unless the same were paid that the lands be sold to satisfy the same and appointed a commissioner to execute the decree. That case was appealed to this court. See *McDaniel* v. *Conlan,* 134 Ark. 519. The court concluded its opinion in the following language: "The decree of the court is affirmed except as to the amount of interest allowed Mrs. Conlan, as to this the decree is reversed and the cause is remanded with directions to enter a decree in accordance with this opinion and for such other and further proceedings as is necessary to execute its decree."

On the remand of that cause to the lower court, the chancery court heard the same upon the mandate and the record as set out in the original decree. The court found the facts substantially as above set forth and entered a decree awarding to Mrs. Effie Conlan homestead and dower rights in an undivided one-half interest in certain lands in Lee County which were described in the decree,

which were owned by her husband at the time of his death and further decreed that she have and recover from Mrs. Clyde McDaniel the sum of $3,827.01, with interest to be satisfied wholly against the lands which were described in the decree, being the undivided interest of her husband in those lands subject to Mrs. Conlan's homestead and dower rights, and appointed a commissioner to make sale of the lands if the amount of the decree were not paid. The court also decreed that if the undivided one-half interest of James G. Conlan in the lands in Lee County were not sufficient to satisfy the debt, the commissioner should then proceed to sell his interest in the Crittenden County lands.

The above decree was entered on January 7, 1919. On the 15th of February, 1919, this present suit was instituted in the Lee Chancery Court by Mrs. McDaniel against Mrs. Effie N. Richards, formerly Conlan, J. M. Baker, Goodman Brothers and Julius Goodman, trustee. In her complaint she set up the facts substantially as above set forth and alleged that she had paid the sum of $3,791 to the commissioner who under the last decree of the Lee Chancery Court was threatening to carry into effect the directions of that decree and to sell her lands for the purpose of satisfying same. She prayed judgment against the defendants for that sum and asked that she be subrogated to the rights of Goodman Brothers, J. M. Baker and Mrs. Effie N. Richards, under the deed of trust and that she have a decree for the sum she had paid and that the same be declared a lien on the lands described therein and that same be sold to satisfy the same.

Mrs. Effie N. Richards was the only party upon whom service was had and she alone appeared in the action. She demurred to the complaint, which demurrer the court sustained. The plaintiff declined to plead further and a decree was entered dismissing the complaint for want of equity, from which is this appeal.

The decree of the chancery court was correct. The facts set forth in the complaint show clearly that the

rights of all the parties in the present litigation were in issue and fully determined by the decree of the chancery court entered January 7, 1919. Instead of paying the sum awarded to the appellee, Mrs. Effie (Conlan) Richards by that decree, appellant, if she conceived that she was aggrieved thereby, should have appealed therefrom.

When a complaint on its face shows that a cause of action stated therein was between the same parties and involving the same subject-matter as that determined or which could have been determined in a former suit between them, the complaint fails to state a cause of action which the plaintiff can maintain against the defendant and is demurrable. The demurrer in such case will be treated as a plea of *res judicata,* and the case disposed of the same as if such formal plea had been filed. The name of a pleading is immaterial.

Here the complaint shows that the parties to the present action were the same as in the former suit; that that suit involved the same subject-matter and that all the issues that could be determined here could have been determined in the former suit.

The decree in that case must, therefore, be considered as a final determination.

Affirmed.