CHICAGO, ROCK ISLAND & PACIFIC RAILWAY CO. v. COBBS.

SAME v. SCOTT.

Opinion delivered December 24, 1921.

1. REMOVAL OF CAUSES—WHEN DENIED.—A suit brought in a State court by two plaintiffs, one a resident of the Federal district, and the other a non-resident, against a non-resident corporation is not removable to the Federal court where the plaintiff's claims are not separable; and it immaterial that the cause of action is of a local nature, the statute requiring it to be brought in the county where the cause of action arose.

2. PARTIES—INTEREST IN SUBJECT-MATTER.—Where insured property is destroyed by fire caused by the negligence of a third person, the insurance companies, by virtue of the assignment to them of a portion of the right of action, are possessed of an interest in the subject-matter of an action against such third person for damages, and therefore are necessary parties thereto.

3. ASSIGNMENTS—PARTIES.—Since, under Crawford & Moses' Dig. § 475, only agreements or contracts in writing are assignable so as to vest a right of action in the assignee alone, in the case of an assignment of a cause of action not based upon an agreement in writing, the assignor is a necessary party to an action thereon.

4. RAILROADS—FIRE FROM LOCOMOTIVE.—Evidence *held* to sustain a finding that plaintiff's property was destroyed by a fire negligently caused by a passing locomotive of defendant.

Appeal from Hot Spring Circuit Court; *W. H. Evans*, Judge; affirmed.

*Thomas S. Buzbee* and *George B. Pugh,* for appellant.

1. The cause should have been removed. The facts requisite to Federal court jurisdiction existed. Comp. Statutes, § 991. Section 1010, *Id.*, was fully complied with, and section 1033, *Id.* under the circumstances of the case would not justify the lower court in denying the petition. 265 Fed. 715; 261 *Id.* 697; 39 *Id.* 581; 152 U. S. 634; 268 Fed. 610. The statute, § 8569, C. & M. Digest, on which this case is based, localizes the cause of action, so that is could be brought in a State court only in Hot Spring county, and it could, therefore, have been brought by the plaintiffs in the United States District Court in which that county is situated. 155 U. S. 404; 250 *Id.* 308.

2. There is no sufficient testimony to justify the verdict. In none of railroad fire cases decided by this court, was there as little excuse for a finding that the fire was caused by the railway company as in this case. 67 Ark. 371; 76 *Id.* 132; 77 *Id.* 434; 79 *Id.* 12; 82 *Id.* 3; 89 *Id.* 273; 92 *Id.* 569; 124 S. W. (Ark.) 771; 97 Ark. 54; 100 *Id.* 207; 105 *Id.* 374; 119 *Id.* 143; 121 *Id.* 585; 126 *Id.* 236; 142 *Id.* 41.

3. Instructions 1 and 2 were argumentative and prejudicial in that they told the jury that the money awarded

by them to the plaintiff would, to the extent of $8,329.84, be paid to the insurance companies, and that he would get nothing unless the verdict was for a greater sum than that amount. This error was repeated in instruction 9. 82 Ark. 424; 120 *Id.* 1; 87 *Id.* 243; 124 *Id.* 588; 128 *Id.* 479.

*D. D. Glover* and *Cockrill & Armistead,* for appellees.

1. It is the duty of a State court to refuse to remove a cause to the Federal court, if the petition for removal shows on its face that the cause is not removable. 98 Ark. 507; 120 *Id.* 583; 75 *Id.* 116; 131 U. S. 240. The court properly refused to remove the cause. 107 Ark. 512; 129 *Id.* 550; 203 U. S. 449; 209 U. S. 490; 219 U. S. 363; 228 U. S. 278; 240 U. S. 97; 226 Fed. 615. The rule is that all the plaintiffs must be residents of the district to entitle a non-resident defendant to removal. 133 U. S. 315; 138 U. S. 595; 106 U. S. 191; 250 U. S. 308.

Our State statute does not localize the action; but if it does, that would not give jurisdiction to the Federal courts. Federal jurisdiction is controlled absolutely by Congress. U. S. Comp. Statutes, vol. 3, pp. 2916 *et seq.* Unless this suit could have been brought originally by the insurance companies in the United States court, it is not removable. Judicial Code, § 28, Comp. Stat. § 1010. A fire case, though localized by State statute, falls under none of the exceptions provided for in section 51, Judicial Code, Comp. Stat. § 1033.

There is no separable controversy in this case. The insurance companies are parties in interest, and their presence as parties plaintiff destroys the right of removal. 248 Fed. 618; 247 U. S. 518; 218 Fed. 315; 202 *Id.* 648; 197 *Id.* 79; 7 *Id.* 257; 208 *Id.* 666; 8 N. W. 606; 59 Fed. 984; 94 *Id.* 686; 93 N. W. 139; 116 Pac. 819; 76 *Id.* 1075; 66 N. W. 1144; 53 N. W. 394; 47 Pac. 450; 48 *Id.* 1045; 26 *Id.* 838; 39 *Id.* 690. See also C. & M. Digest, § § 1089, 1095, 1096, 1097; 38 Ark. 72; 56 *Id.* 116; 19 *Id.* 566; 14 *Id.* 603; 3 *Id.* 565; 93 *Id.* 447; 124 *Id.* 143. In any event the insurance companies had the right to join as plaintiffs, and

having elected to sue jointly, the right of removal is destroyed. 176 U. S. 321.

2. Appellant's objections to the instructions given were general only. It is too late now to urge specific objections.

3. Interest at 6 per cent. from date of loss is recoverable in cases of this kind. 50 Ark. 169; 63 Tex. 57.

McCulloch, C. J. These are actions instituted in the circuit court of Hot Spring County against appellant railway company to recover damages under the statute which makes such corporation liable for injury to property caused by fire communicated from a locomotive. Crawford & Moses' Digest, § 8569. The cases were consolidated and tried together, and resulted in a judgment in favor of each of the appellees.

The first mentioned case was instituted by L. E. Cobbs, the owner of the destroyed property, and certain insurance corporation, which had insured the property and paid the damage to the extent of the amount of the respective policies, and joined in the suit under a written assignment from the assured. The actual amount paid under the policies aggregated the sum of $8,200. In the complaint it was alleged that the total value of the property destroyed was $20,000, and there was a prayer for recovery of that sum by the plaintiffs jointly. In that case the verdict was for the recovery of the sum of $15,000 by all of the plaintiffs. Cobbs died during the pendency of the appeal in this court, and there was a revivor in the name of his administrator.

In the Scott case property is alleged to have been destroyed to the value of $250, and the recovery was in favor of appellee Scott for that amount.

The property of Cobbs which was destroyed by fire was the machinery and other equipment of a saw and planing mill, and lumber stored therein. The Scott property was logs and lumber at the mill.

Appellant filed in the Cobbs case, in apt time, a petition and bond for removal to the Federal court, and the refusal of the court to order the removal is one of the grounds urged for a reversal of the judgment. According to the allegations of the complaint and of the petition for removal, plaintiff L. E. Cobbs was a citizen and resident of Hot Spring County; the plaintiff insurance companies were foreign corporations domiciled, respectively, at Liverpool, England, and at Philadelphia, Pennsylvania; and the defendant, Chicago, Rock Island & Pacific Railway Company, is a corporation incorporated and domiciled in the State of Illinois but operating lines of railroad in Arkansas. The injury is alleged and shown to have occurred in Hot Spring County.

We have repeatedly decided this question of removability of a cause against the contention of appellant. *St. L. & S. F. R. Co.* v. *Kitchen,* 98 Ark. 507; *C. R. I. & P. Ry. Co.* v. *Smith,* 107 Ark. 512; *Central Coal & Coke Co.* v. *Graham,* 129 Ark. 550; *Central Coal & Coke Co.* v. *Orwig,* 150 Ark. 635. Section 28 of the U. S. Judicial Code (Compiled Statutes, § 1010) restricts the right of removal of cases from State to Federal courts to such cases of which the Federal courts are given original jurisdiction; and section 51 of the Code (Compiled Statutes, § 1033) provides that, with certain exceptions, where the jurisdiction is founded only on the diversity of citizenship, suit can be brought only in the district of the residence either of the plaintiff or defendant. In *St. L. S. F. R. R. Co.* v. *Kitchen, supra,* we held, following what we conceived to be the decisions on this subject of the Supreme Court of the United States in the case of *Ex parte Wisner,* 203 U. S. 449, that in a suit brought against a foreign corporation in a State court outside of the Federal district in which the plaintiff resided there was no right of removal under the Federal statutes on the ground of diversity of citizenship. The other cases cited have followed our

original decision, and since that time there has been no additional ruling on the question by the Supreme Court of the United States. The United States Circuit Court of Appeals for the Eighth Circuit in *Kansas Gas & Electric Co.* v. *Wichita Natural Gas Co.,* 266 Fed. 614, declared the law to the same effect and cited the Wisner case, *supra,* as authority. We find no reason for departing from our former decisions on the subject, for we are of the opinion that in those decisions we adopted the construction placed upon the Federal statute by the Supreme Court of the United States. It is contended, however, that the application of the Federal statute is different in the present case for the reason that the statute on which this suit is based makes the action a local one and requires it to be brought in the county where the injury occurred. We cannot see that this fact changes the application of the Federal statute, which must be looked to alone for the purpose of determining the jurisdiction of the Federal courts and the right of removal to those courts. In other words, the fact that the action is local does not change the effect of the Federal statute which fixes the jurisdiction, except in specified instances, not related to the present controversy, in the district of the residence of either the plaintiff or defendant. The territorial jurisdiction of the Federal court is entirely within the control of Congress, and, even if instances may be found where the right to remove is entirely denied by circumstances, it is a matter for Congress to provide a remedy, and it is not within the province of the courts to devise a method for removing causes which do not fall within the terms of the statute.

It is not shown in the petition or in the complaint that these are separable causes of action, nor is it contended that the causes of action asserted by the different plaintiffs are separable, and it is clear that they are not separable. The insurance companies by virtue of the assignment to them of a portion of the right of

actions are possessed of an interest in the subject-matter in controversy, and are therefore necessary parties. Cobbs, the other plaintiff, was a necessary party, not only from the fact that he was the owner of an interest in the subject-matter of this controversy, but also for the reason that he was assignor of that part of the cause of action which was assigned to the insurance companies, and since it is a right of action not assignable under our statute (Crawford & Moses' Digest, § 475), the assignor was a necessary party to a suit to recover. *St. L., I. M. & S. Ry. Co.* v. *Camden Bank,* 47 Ark. 541. Under the statute cited above, only agreements or contracts in writing are assignable, and the cause of action in the present instance was not based on an agreement in writing. The insurance companies succeeded, by the assignment, to the right of action by Cobbs for the recovery of unliquidated damages on account of the wrongful act of the railway company. It follows, therefore, that the cause of action, for the reasons stated, are not separable.

It is next contended that the evidence is not sufficient to sustain the verdict, either with respect to the charge that the fire that destroyed the property was communicated from the engine being operated by appellant or with respect to the amount of the damage. We are of the opinion that there is sufficient evidence to sustain the verdict on either of these issues.

The mill plant of Cobbs was situated near the railroad operated by appellant and the building faced the spur track on which trains were being operated on the day the fire occurred. The fire broke out about 11:20 o'clock in the forenoon, and was discovered a few minutes after the engine had passed out of the spur track on which it had gone for the purpose of taking out cars. While there was a conflict in the testimony as to the direction of the wind, several witnesses testified that the wind was blowing from the direction of the railroad track and toward the part of the mill plant where the

fire broke out. None of the witnesses saw sparks flying from the engine. It being in the day time, it was hardly reasonable to suppose that live sparks could be observed. Witnesses introduced by appellant testified that the wind was blowing in the other direction; also that an examination of the engine showed that the spark arrester was in good condition, and sparks could not be emitted of sufficient size to set out the fire in the mill plant. As against this, one of the witnesses testified that one of the company's engines, which was shown to be of the same type as this one, did set out fire in grass along the railroad track. There is no direct testimony that inflammable material was scattered about the mill plant, but it is fairly inferable that there was combustible material there. There is no cause shown for the communication of the fire other than that a spark from some source fell among the inflammable material. The gin plant, a short distance away, was in operation that day, but many of the witnesses testified that the wind was blowing in the other direction and carried the sparks from that plant away from the mill plant. Under repeated decisions of this court circumstances similar to those narrated by witnesses in the present case warrant the inference that the fire was set out by a passing engine. *St. L. & S. F. R. Co. v. Dodd,* 59 Ark. 317. That rule has been so often declared, following the decision in the Dodd case, that it is unnecessary to cite the numerous cases.

The evidence adduced by the plaintiff Cobbs was amply sufficient to establish his right to recover the sum which was allowed by the verdict of the jury. It is alleged in the complaint that the value of the destroyed property was $20,000, and there was proof tending to show that the property was of that value.

The evidence is also sufficient to establish the amount recovered by appellee Scott.

The criticism of two of the instructions given by the court at the request of the appellees is, we think,

unfounded, and this assignment of error is not of sufficient importance to discuss.

Finding no error in the record, the judgment in each of the cases must be affirmed, and it is so ordered.