OZAN LUMBER COMPANY v. TIDWELL.

4-8576                                          212 S. W. 2d 349

Opinion delivered June 28, 1948.

*S. Hubert Mayes,* for appellant.

*William F. Denman,* for appellee.

HOLT, J. August 27, 1945, appellee, Clarence Tidwell, a resident of Nevada county, was involved in a collision in that county with a truck belonging to appellant, Ozan Lumber Company, and driven by its employee, C. M. Kirby.

Thereafter, on September 5, 1945, Tidwell brought suit against the appellant, Lumber Company, in the Nevada Circuit Court. In his complaint he alleged, among other things, that as the driver of appellant's truck attempted to pass him, appellant's driver "carelessly and negligently pulled his truck onto and against the plaintiff's (appellee's) truck, which was standing only one (1) foot in the said Cale road, in clear, open view of the driver of the said truck and trailer then and there operated by the defendant, Ozan Lumber Company, by their agent, servant and employee, one Kirby, completely demolishing plaintiff's truck and at the same time seriously, painfully and permanently wounding and injuring the plaintiff, Clarence Tidwell, as hereinafter set out and charged."

He prayed for damages for personal injuries in the amount of $25,000. There was no prayer for property damage.

Upon a trial, January 14, 1946, a jury awarded damages in the amount of $15,000. Upon appeal to this court, a remittitur was ordered and the judgment affirmed for $4,500, conditioned on appellee's acceptance of the remittitur.

Thereafter, appellee accepted the judgment as modified and appellant duly satisfied the judgment.

The present suit was instituted February 12, 1947, by Clarence Tidwell against the Ozan Lumber Company, in which he sought to recover $750 alleged damages to his truck which grew out of the collision on August 27, 1945, *supra*. The allegations with reference to damages to appellee's truck were identical with those alleged in the former suit, and the parties are the same.

Appellant interposed a general denial and specifically pleaded *res judicata,* and said: "This defendant states that all elements of damage flowing from the accident on August 27, 1945, have been completely adjudicated by virtue of the filing of the original suit referred to herein, the securing of a judgment, and the satisfaction of the judgment as affirmed by the Supreme Court of the State of Arkansas. WHEREFORE, this defendant pleads *res judicata* as a complete bar to a recovery in this suit, etc."

The trial court, sitting as a jury, after denying appellant's plea of *res judicata,* rendered a judgment in appellee's favor for $750 as prayed. This appeal is from that judgment.

For reversal, appellant contends: "I. The court erred in overruling the plea of *res judicata*. II. The verdict is excessive."

We have reached the conclusion, after a review of the record, that the court erred in refusing to sustain appellant's first contention. It, therefore, becomes unnecessary to consider the second.

The facts are undisputed. The parties were residents of Nevada county, the collision occurred there, and both suits were instituted and tried in the Circuit Court

of Nevada county. The parties were the same in each action.

Appellee, Tidwell, alleged in his first complaint, filed in 1945, not only a cause of action for personal injuries, but also a cause of action for the destruction of, or damages to his truck, but he did not pray for any property damage, a right that was open to him and which in view of the allegations in his complaint he should have litigated in his first suit. We hold, therefore, that the former judgment was conclusive not only of all damages for personal injuries but for any damages to his truck.

In *Robinson* v. *Missouri Pacific Transportation Company*, 192 Ark. 593, 93 S. W. 2d 311, in an opinion by Mr. Justice MEHAFFY, this court said: "We have many times held that all questions within the issue, whether formally litigated or not, are settled by the decision of the court. 'It is well-settled doctrine in this jurisdiction that a judgment of a court of competent jurisdiction is conclusive of all questions within the issue, whether formally litigated or not. It extends not only to questions of fact and law which were decided in the former suit, but also to the grounds of recovery or defense which might have been, but were not, presented.' (Citing many cases)." See, also, *Bass* v. *Minich*, 194 Ark. 589, 109 S. W. 2d 139.

In *McDaniel* v. *Richards*, 141 Ark. 453, 217 S. W. 478, Mr. Justice WOOD, speaking for the court, said: "When a complaint on its face shows that a cause of action stated therein was between the same parties and involving the same subject-matter as that determined or which could have been determined in a former suit between them, the complaint fails to state a cause of action which the plaintiff can maintain against the defendant and is demurrable. The demurrer in such case will be treated as a plea of *res judicata*, and the case disposed of the same as if such formal plea had been filed."

As indicated, appellant's plea of *res judicata* should have been sustained. For this error, the judgment is reversed and the cause dismissed.

The Chief Justice and Justice McFADDIN concur. MILLWEE, J., dissents.