MOTORS INSURANCE CORPORATION *v.* COKER.

4-9465                                                    238 S. W. 2d 491

Opinion delivered April 9, 1951.

*R. Coker Thomas,* for appellant.

*Bert B. Larey,* for appellee.

ROBINSON, J. On the 28th day of April, 1949, Ellen Kerksieck and Marshall Coker, while driving their automobiles, had a collision. Ellen Kerksieck carried with the appellant herein a property damage insurance policy covering the damage to her car. On the 4th day of May, 1949, the Insurance Company paid her $833.47 in settlement of the damages to her automobile under the terms of the policy.

On the 7th day of May, 1949, Ellen filed suit against Coker asking for damages by reason of personal injuries she received at the time of the collision. Subsequently, she settled with Coker and dismissed with prejudice the case which she had filed against him. Thereafter, on the 24th day of October, 1949, the Motors Insurance Corporation, the appellant herein, filed suit against Coker alleging that the Insurance Company had paid Ellen for the damages she sustained to her automobile, and, by assignment, the Insurance Company was subrogated to Ellen's rights as against Coker for the damages to Ellen's car. The defendant Coker entered a plea of *res judicata*. After consideration of the Stipulations and Agreements of counsel (which do not appear in the record), the Court dismissed the suit for the reason that there was only one tort committed, that Ellen had but one cause of action, which had been exhausted, and that the issue was *res judicata*. We agree with the trial court.

In the case of *Robinson* v. *Mo. Pac. Trans. Co.*, 192 Ark. 593, 93 S. W. 2d 311, Mr. Justice MEHAFFEY, speaking for the Court said: "It is well-settled doctrine in this jurisdiction that a judgment of a court of competent jurisdiction is conclusive of all questions within the issue, whether formally litigated or not. It extends not only to questions of fact and law which were decided in the former suit, but also to the grounds of recovery or defense which might have been, but were not, presented." A long line of cases supporting this view are cited therein.

In the case of *Ozan Lumber Co.* v. *Tidwell*, 213 Ark. 751, 212 S. W. 2d 349, Tidwell had sued the Lumber Company for personal injuries, and, after recovering a

judgment, filed another suit for property damage growing out of the same tort. We held the second suit to be *res judicata* and there said:

"Appellee, Tidwell, alleged in his first Complaint, filed in 1945, not only a cause of action for personal injuries, but also a cause of action for the destruction of, or damages to his truck, but he did not pray for any property damage, a right that was open to him and which in view of the allegations in his complaint he should have litigated in his first suit. We hold, therefore, that the former judgment was conclusive not only of all damages for personal injuries, but for any damages to his truck." And the Court quoted from *McDaniel* v. *Richards*, 141 Ark. 453, 217 S. W. 478, as follows:

"Mr. Justice Wood, speaking for the court, said: 'When a complaint on its face shows that a cause of action stated therein was between the same parties and involving the same subject-matter as that determined or which could have been determined in a former suit between them, the complaint fails to state a cause of action which the plaintiff can maintain against the defendant and is demurrable. The demurrer in such case will be treated as a plea of *res judicata,* and the case disposed of the same as if such formal plea had been filed.' "

In the instant case, Ellen Kerksieck is not a party. However, before the suit could be maintained properly, it would be necessary to make her a party. § 27-802 Ark. Stats. provides: "When the assignment [of the thing in action] is not authorized by Statute, the assignor must be a party as plaintiff or defendant."

In the case of *C., R. I. & Pac. Ry. Co.* v. *Cobbs,* 151 Ark. 207, 235 S. W. 995, Cobbs suffered a fire loss of about $20,000. The insurance Companies paid Cobbs $8,200. Cobbs sued the Railway Company alleging that the fire was caused by the Railway Company's negligence and asked judgment for the loss suffered less the amount of insurance. The Insurance Companies also sued in the same case asking judgment on their claims of subrogation. The question arose as to whether the Insurance

Companies were proper parties in that particular suit. Speaking for the Court, Chief Justice McCulloch said:

"The insurance companies, by virtue of the assignment to them of a portion of the right of actions are possessed of an interest in the subject-matter in controversy, and are therefore necessary parties. Cobbs, the other plaintiff, was a necessary party, not only from the fact that he was the owner of an interest in the subject-matter of this controversy, but also for the reason that he was assignor of that part of the cause of action which was assigned to the insurance companies, and since it is a right of action not assignable under our statute (Crawford & Moses' Digest, § 475) [now Ark. Stats., § 68-801], the assignor was a necessary party to a suit to recover. *St. L., I. M. & S. Ry. Co.* v. *Camden Bank,* 47 Ark. 541, 1 S. W. 704. Under the Statute cited above, only agreements or contracts in writing are assignable, and the cause of action in the present instance was not based on an agreement in writing. The insurance companies succeeded, by the assignment, to the right of action by Cobbs for the recovery of unliquidated damages on account of the wrongful act of the railway company. . It follows, therefore, that the cause of action, for the reasons stated, are not separable."

"Where the assignment of a thing in action is not authorized by Statute the assignor must be a party as plaintiff or defendant." *Young* v. *Garrett,* 149 Fed. 2d 223.

Appellant strongly relies on the case of *Underwriters at Lloyds Insurance Company* v. *Vicksburg Traction Co.,* 106 Miss. 244, 63 So. 455, 51 L. R. A., N. S. 319. However, we think this case is in conflict with our case of *Railway Co.* v. *Cobbs, supra,* as it was held in the Mississippi case that the assignor was not a necessary party to the litigation. But, even if the Mississippi case was not distinguishable, we would not follow it, because we think the best rule is to the effect that a defendant should have to stand but one lawsuit growing out of one tort when the cause of action is in one person or those holding through such person.

If it were otherwise, a defendant would not dare settle a case for fear that, at a later date, someone would make another claim against him by reason of being subrogated to some right of the injured party, either through having paid a property damage claim, or loss of time claim, or accidental injury claim, or some other claim. In fact, even though the defendant may have paid a judgment in favor of the injured party, he would never know where he stood until the alleged tort was barred by the Statute of Limitations.

Affirmed.

McFADDIN, J., concurs.

ED. F. McFADDIN, Justice (Concurring). I concur in the result reached by the majority but for a reason entirely different from that stated in the majority opinion: my reason is that the record before us is incomplete and therefore the case must be affirmed.

I cannot agree that the judgment must be affirmed on *res judicata;* because the record now before us does not contain a copy of the complaint filed on May 7, 1949, in the first case brought by Ellen Kerksieck against Marshall Coker. Until we see the allegations contained in that complaint, it is impossible to say whether it was sufficiently similar to the one in *Ozan Lumber Co.* v. *Tidwell,* 213 Ark. 751, 212 S. W. 2d 349, as to make the adjudicated case *res judicata* of the case now at bar. It would have been legally possible for Ellen Kerksieck to have alleged, in her first complaint, that she had split her cause of action and had assigned to the Motors Insurance Company so much of the cause of action as related to her property damage, and that she was, in her said first complaint, suing only for her personal injuries. If the complaint had contained such allegations, then I hardly see how the majority could reach its present conclusion as to *res judicata.* So I make the point that until we see the complaint that Ellen Kerksieck filed in the first case against Marshall Coker, we are in no position to hold the rule of *res judicata* to be applicable.

But the reason which requires affirmance of the Circuit Court judgment in the present case is the fact that the record now before us does not contain the *stipulation* made by the parties at the time of the trial in the present case. That there was some such stipulation is attested by the judgment in the present case which contains this recitation:

". . . and said cause was submitted to the court upon *stipulations* and upon the pleadings set forth hereafter; the complaint of the plaintiff, answer and cross-complaint of the defendant, and amended and substituted answer and cross-complaint of the defendant setting forth a plea of *res judicata;* and the court, after hearing argument of counsel, *stipulations and agreements* therein, and argument of counsel for plaintiff and counsel for defendant, doth find: . . ." (Italics our own.)

The words italicized show that the Miller Circuit Court, when it rendered its judgment of dismissal from which comes this appeal, had before it some sort of "stipulations and agreements." Now there are no stipulations or agreements in the record here; and in the absence of such, we must presume that the matters presented to the trial court were sufficient to justify the conclusion that was reached. In *School Dist.* v. *Lake City Special School District,* 144 Ark. 362, 223 S. W. 381, we said:

". . . The judgment and recitals therein are the last expressions of the court and the highest evidence by which to determine the course, conduct and result of the suit. Whenever it conflicts with the recitals in docket entries or in a bill of exceptions, the recitals in the judgment will control and all else must yield. If the judgment roll contains an erroneous recital, the only remedy is to obtain a correction thereof. In the instant case, the judgment recites that the case was heard upon other evidence than that set out in the abstract, and we can not treat the recital therein as *dictum,* in accordance with the suggestion of appellant."

So in the final analysis, I rest my views of affirmance on the fact that the trial court had before it some stipula-

tions and agreements of some kind between the opposing counsel, and that such stipulations and agreements are not in the record before us; and so we must indulge the presumption that the absent matters support the judgment rendered by the trial court.