James JOHNSON, Plaintiff,

v.

Felix STEWART, Defendant.

Civ. A. No. 1416.

United States District Court
W. D. Arkansas,
Fort Smith Division.

July 3, 1958.

and now, having considered the pleadings the testimony of the witnesses, exhibits thereto, and the contentions of the parties, the Court makes and files herein its Findings of Fact and Conclusions of Law, separately stated.

### Findings of Fact

**1.**

The plaintiff, James Johnson, is a citizen and resident of the State of Texas. The defendant, Felix Stewart, was at the time of the commencement of the action a citizen and resident of the State of Alabama. There is involved herein more than $3,000, exclusive of interest and costs.

**2.**

On November 7, 1957, at approximately 11:00 a. m., the defendant, accompanied by his wife, was driving his 1950 Oldsmobile Sedan in a westerly direction on U. S. Highway 64 near the town of Mulberry, Arkansas. It had been raining that morning, and the rain was falling intermittently when the accident occurred. Immediately prior to the occurrence herein involved, the defendant approached a curve to his left in the highway. He did not have his automobile under reasonable control and was not keeping a proper lookout, and as he entered the curve, which was not banked, the right-front wheel of his automobile left the pavement and dropped into a slight depression at the north edge of the pavement. The defendant immediately steered the car back onto the pavement, but was unable to stop until he had crossed the pavement to his left onto the south shoulder of the highway, where he encountered mud. He then accelerated his car in an effort to bring it back upon the pavement, and in doing so the car came back off of the left or south shoulder and again crossed the pavement to the north, or right, and continued under the accelerated speed into the ditch on the right or north side of the highway until his car struck a telephone pole at the north line of the right of way with force sufficient to break or shear the pole.

David O. Partain, Van Buren, Ark., for plaintiff.

Dobbs, Pryor & Dobbs, Fort Smith, Ark., for defendant.

JOHN E. MILLER, District Judge.

### Statement

This case was tried to the Court on June 30, 1958. At the conclusion of the trial the Court advised the parties and their attorneys that Findings of Fact and Conclusions of Law would be prepared and filed as soon as the business of the Court permitted. The attorneys were requested to furnish the Court such citations of authorities as they desired in support of their respective contentions,

At that point the telephone cables crossed the highway from the south to the north side, and when the telephone pole broke or was sheared by the force of the automobile, it fell to the ground, and in so doing pulled the telephone cables that extended from the pole on the south side of the highway to the sheared pole on the north side to a point within a short distance from the ground, and at the place it crossed the pavement the cable was not high enough for the tractor-trailer to pass under. The telephone pole on the south side of the highway was in a southwesterly direction from the sheared pole on the north side, so the telephone cable, when it was pulled down, extended across the highway at an angle of 40 degrees and only a short distance above the surface of the pavement.

Soon after, and before the defendant had gotten out of the automobile, a Diamond T tractor-trailer owned by plaintiff approached from the west going in a generally easterly direction. The approach of the plaintiff's truck was along and upon a straight portion of the highway. The driver of plaintiff's truck was driving at a reasonable rate of speed, not in excess of 35 miles per hour when he approached the curve from the west.

The driver of the tractor-trailer was watching the highway and did not see the automobile of defendant in the ditch where it had sheared the telephone pole. He did not see the cable until he was a very short distance from it, and at that time he set the brakes on the trailer but did not apply the brakes on the tractor, since that probably would have caused the tractor-trailer to jackknife. The tractor-trailer was loaded with tomatoes and weighed approximately 57,000 lbs., and it was impossible for the driver to stop the vehicle before striking the cable. The front wheels of the tractor passed over the cable, but the dollies of the trailer caught on the cable.

The tractor-trailer was traveling in the right-hand or south lane of the pavement, but the weight of the tractor-trailer, aided by the pressure from the telephone cable, caused it to travel to the left or north lane of traffic, where it turned on its left side and came to rest with the wheels on the edge of the pavement and the body in the ditch on the north or left-hand side of the pavement, at a point southeast of the telephone pole that had been sheared by the defendant's automobile.

3.

The extra driver of plaintiff's tractor-trailer was thrown from his sleeping quarters through the windshield of the tractor, and the driver of the tractor-trailer was caught between the steering wheel and the left door of the tractor. After the tractor-trailer had come to rest on its left side and on the north edge of the pavement, the defendant left his automobile and went to the tractor-trailer where he rendered some assistance to the driver of the tractor-trailer and the extra driver who had been sleeping at the time of the accident.

Mr. Edward B. Blackard, a State patrolman, received information of the accident and reached the scene in a very few minutes. When he arrived there, rain was falling but he made an investigation and found that the telephone cable had to be cut from around the dolly wheels of the trailer before the trailer could be righted or removed.

The telephone cable was made of steel and was approximately ½-inch in diameter, housed in a rubber cable of approximately one inch in diameter.

4.

The plaintiff's truck was being driven by Lonnie Eugene Hughes, an employee of the plaintiff, and at the time of the occurrence, Mr. Hughes was acting within the scope of his employment. The tractor-trailer had left San Francisco, California, on Monday, November 4, 1957, and had been driven continuously by Lonnie Eugene Hughes and the alternate driver. Hughes, immediately prior to the occurrence, had driven since 6:00 a. m., or for a period of approximately five hours.

## 5.

The difference between the fair market value of plaintiff's tractor immediately before and immediately after the accident was $4,059.04.

## Discussion

Plaintiff contends that the defendant was guilty of negligence which was a proximate cause of the damages sustained by plaintiff, and that he is entitled to recover the difference between the fair market value of the tractor immediately before and immediately after the accident. By way of defense the defendant contends (1) that he was not guilty of negligence; (2) that even if he were guilty of negligence, said negligence was not a proximate cause of the damages sustained by plaintiff; and (3) that in any event plaintiff was guilty of contributory negligence which would bar a recovery by him or at least reduce his damages under the Arkansas comparative negligence statute. Secs. 27–1730.1, 27–1730.2, Ark.Stats. Anno. (1957 Supp.)

■ The general rules governing cases of this type are well established. The substantive rights of the parties are governed by the Arkansas law, and the burden of proof is on the plaintiff to prove by a preponderance of the evidence that the defendant was guilty of negligence which was a proximate cause of the damages to plaintiff's tractor. James v. South Central Stages, D.C.W.D.Ark., 160 F.Supp. 288, 290; Kisor v. Tulsa Rendering Co., D.C.W.D.Ark., 113 F. Supp. 10, 16. Conversely, the burden of proof is on the defendant to prove contributory negligence on the part of the plaintiff.

■ Under the Arkansas law "Negligence is the doing of that which an ordinary prudent person would not do under the circumstances, or the failure to do that which an ordinary prudent person would do under the circumstances." Hobbs Western Tie Co. v. Orahood, Ark., 315 S.W.2d 930; Kisor v. Tulsa Rendering Co., supra, and cases therein cited.

■ Negligence is the proximate cause of damages sustained by plaintiff only if the damages were the natural and probable consequence of the defendant's negligent act or acts and ought to have been foreseen by the defendant in the light of attending circumstances. Seyfer v. Gateway Baking Co., D.C.W.D.Ark., 159 F.Supp. 167, 174–175; Kisor v. Tulsa Rendering Co., supra; Ozark Packing Co. v. Stanley, 211 Ark. 749, 202 S.W.2d 352; Hook v. Reynolds, 203 Ark. 259, 261, 156 S.W.2d 242; Southwestern Bell Telephone Company v. Adams, 199 Ark. 254, 261, 133 S.W.2d 867.

■ Contributory negligence is the doing of something by the plaintiff which a person of ordinary care and prudence would not have done under the same or similar circumstances, or the failure of the plaintiff to do something which a person of ordinary care and prudence would have done under the same or similar circumstances, and which conduct on the part of the plaintiff contributed, however slightly, in whole or in part, to the occurrence and damages, and without which the damages would not have been sustained. Kisor v. Tulsa Rendering Co., supra; Kirby v. Swift & Co., 199 Ark. 442, 446, 134 S.W.2d 865; Kittrell v. Wilkerson, 177 Ark. 1174, 9 S.W.2d 788; Russ v. Strickland, 130 Ark. 406, 197 S.W. 709.

■ The measure of damages for injury to a vehicle is the difference between the fair market value of the vehicle immediately before and immediately after the accident. Southern Lbr. Co. v. Thompson, D.C.W.D.Ark., 133 F.Supp. 92, 100.

■ Correlative duties rested upon the plaintiff and the defendant to drive their vehicles at a reasonable rate of speed under the conditions then existing; to keep a lookout when driving upon the highway; and to keep their vehicles under such control as to be able to check the speed or stop them, if necessary, to avoid injury or damage to others if and when danger was apparent. James v. South Central Stages, supra, at page 290

of 160 F.Supp; Waycaster v. Sorenson, D.C.W.D.Ark., 124 F.Supp. 892, 898; Kisor v. Tulsa Rendering Co., supra, at page 17 of 113 F.Supp.

■ When the above stated rules of law are applied to the facts in the instant case, it seems clear to the Court that the defendant was guilty of negligence which was the sole proximate cause of the damages sustained by plaintiff, and that plaintiff is entitled to recover said damages from the defendant. As to the negligence of the defendant, the Court is convinced that he did not have his automobile under reasonable control and was not keeping a proper lookout at the time he permitted the automobile to leave the pavement and hit the depression on the north shoulder. Then, to make matters worse, after veering across the pavement to the south shoulder, instead of slowing the speed of his vehicle to regain control, he increased the speed when he encountered mud on the south shoulder, thus throwing his vehicle completely out of control and ultimately causing it to strike and break the telephone pole on the north side of the highway right of way. Apparently the defendant was more interested in getting out of the mud before getting stuck than he was in getting his automobile under control.

These actions of the defendant were not those of an ordinary prudent person under the circumstances, and he, therefore, was guilty of negligence.

Of course, the mere fact that the defendant was guilty of negligence in knocking down the telephone pole does not establish that the plaintiff is entitled to recover in this case. In Hill v. Wilson, 216 Ark. 179, at page 183, 224 S.W.2d 797, at page 800, the court said:

"Negligence in a tort defendant is one thing, and proximate causation as a relation between negligence and injury is a separate and different thing. Yet the two things shade into each other.

"Actionable negligence itself is a relational concept. There is no such thing as 'negligence in the air'.

Conduct without relation to others cannot be negligent; it becomes negligent only as it gives rise to an appreciable risk of injury to others. Acts done in a vacant field or by a lone traveler on a highway may not be negligent; the same acts done in a crowded city or in heavy highway traffic may well be negligent. The concept of actionable negligence is relational because an act is never negligent except in reference to, or toward, some person or legally protected interest. In other words, a negligent act is one from which an ordinary prudent person in the actor's position—in the same or similar circumstances—would foresee such an appreciable risk of harm to others as to cause him not to do the act, or to do it in a more careful manner."

And in Rogers v. Crawford, 220 Ark. 385, at page 389, 247 S.W.2d 1005, at page 1008, the court said:

"It will be seen that foreseeability respecting the precise consequences of a negligent act may be the test of proximate cause in circumstances such as those discussed by Judge Riddick (where Mrs. Bragg complained of consequential illness because she was put off of a train a short distance from the depot platform); but the ability to contemplate a particular injury is not essential if the natural result of the negligent act may, even in extraordinary circumstances, be to injure another or cause damage to property."

In the instant case the defendant negligently collided with and knocked down the telephone pole, causing the cable attached to the pole to be strung across the highway in such a manner as to cause the overturn of plaintiff's tractor-trailer within a minute or less. There was no intervening act of any kind to break the chain of causation, and it seems evident to the Court that defendant's negligence was the proximate cause of the accident and damages resulting to plaintiff's

truck. Although this case is somewhat unusual from a factual standpoint, it is no different in principle from the type of case where one party negligently drives his vehicle into a second car, causing the second car to be thrown in the path of a third car, said third car colliding with the second car, and the driver of the third car being guilty of no negligence. In that type of case the driver of the third car has a cause of action against the driver of the first car even though there was no direct collision between the first and third cars.[1] To the same effect, in the instant case the defendant negligently collided with the telephone pole causing the cable to be strung across the highway, and the plaintiff, without fault on his part, collided with the cable in such a manner as to cause the overturn and damage to his tractor.

With regard to the defendant's contention that the plaintiff is guilty of contributory negligence, the Court is of the opinion that the defendant failed to prove such contributory negligence on plaintiff's part. Plaintiff was driving down an open highway at a reasonable rate of speed and was keeping a proper lookout. He had no reason to anticipate encountering a cable across the highway and as soon as he observed the cable, he did everything possible to avoid the accident. He acted as a reasonably prudent person under the circumstances, and therefore was not guilty of contributory negligence.

The difference between the fair market value of plaintiff's tractor immediately before and immediately after the accident was $4,059.04, and plaintiff is entitled to a judgment against the defendant in said amount.

The only item of damages sought by plaintiff in this action is the loss sustained to his tractor. The drivers of plaintiff's tractor-trailer are not parties to the action, and, of course, are not seeking damages for the personal injuries, if any, they sustained.

### Conclusions of Law

**1.**

The Court has jurisdiction of the parties and the subject matter herein.

**2.**

The defendant was guilty of negligence which was the sole proximate cause of the damages sustained by plaintiff to his tractor.

**3.**

Plaintiff is entitled to recover the sum of $4,059.04 of and from the defendant. Plaintiff is also entitled to recover his costs herein expended.

**4.**

Plaintiff was not guilty of contributory negligence in any degree.

A judgment in accordance with the above should be entered.

---

[1]. For examples of cases involving the liability of an owner or driver of one car for damages immediately caused by another car, see United States v. First Sec. Bank of Utah, 10 Cir., 208 F.2d 424; Annotation, 62 A.L.R. 1181; 5A Am.Jur., p. 373.