The AMERICAN FIDELITY FIRE INSURANCE COMPANY, Plaintiff,

v.

Felix STEWART, Defendant.

No. 1441.

United States District Court
W. D. Arkansas,
Ft. Smith Division.

July 28, 1958.

C. R. Starbird, Van Buren, Ark., for plaintiff.

Dobbs, Pryor & Dobbs, Ft. Smith, Ark., for defendant.

JOHN E. MILLER, District Judge.

The defendant, Felix Stewart, has filed a "motion to dismiss" the complaint of The American Fidelity Fire Insurance Company, in which motion he alleges:

"That The American Fidelity Fire Insurance Company is the subrogee of James Johnson and makes its claim against Felix Stewart, wholly and completely, by and through its subrogor, James Johnson. That the said James Johnson has previously recovered a judgment against the defendant, Felix Stewart, arising out of the same cause of action and that the plaintiff, The American Fidelity Fire Insurance Company, is thereby barred from any recovery herein."

Attached to the motion is an admittedly true and correct copy of the complaint, the answer, and the judgment in the case of Johnson v. Stewart, D.C.W.D. Ark., 163 F.Supp. 764, Civil Action No. 1416 in this court.

On its brief in opposition to the motion to dismiss, the plaintiff states:

"The complaint filed in this cause together with the complaint and judgment in the case of James Johnson v. Felix Stewart exemplified by copies filed with the motion of the defendant correctly presents the question before the court under the contention of res judicata."

The record before the court shows "that there is no genuine issue as to any material fact", and the motion will be treated as one for summary judgment. See, Rules 12(b) and 56(c), Federal Rules of Civil Procedure, 28 U.S.C. A.

In order to completely understand the issues presented by the motion to dismiss, it appears necessary to make further reference to the issues in Civil Action No. 1416, above referred to, which was originally filed in the Circuit Court of Crawford County and duly removed by defendant to this court.

In that suit the plaintiff, James Johnson, as the owner of a Diamond T tractor, being driven by his employee and pulling a large trailer, sought to recover a judgment for damages to the tractor because of the negligence of the defendant, Felix Stewart, in the operation of an automobile driven by the said Felix Stewart on U. S. Highway 64 on November 7, 1957. Mr. Johnson only sought to recover for damages to the tractor.

Answer was filed by defendant, Felix Stewart, in which he denied that the tractor of plaintiff Johnson was damaged by any negligent act or omission in the operation of the automobile, and in addition pleaded that the plaintiff's driver of the tractor was guilty of negligence which barred any recovery.

On June 30, 1958, the cause was tried to the court and resulted in a judgment in favor of the plaintiff, James Johnson, against the defendant, Felix Stewart, for the sum of $4,059.04 and costs. See, Johnson v. Stewart, D.C.W.D.Ark., 163 F.Supp. 764.

On June 26, 1958, the plaintiff in the case at bar filed its complaint against the defendant, Felix Stewart, in the Circuit Court of Crawford County, Arkansas. Summons was issued on the complaint and served on June 30, 1958, upon the defendant by delivering a copy to C. G. Hall, Secretary of the State of Arkansas, agent for service.

In due time the defendant, Felix Stewart, filed his petition for removal from the Circuit Court of Crawford County, Arkansas, to this court on the ground

of diversity of citizenship and the amount involved, and on the same date filed the motion to dismiss.

The complaint in the case at bar alleges that the plaintiff is an insurance corporation organized under the laws of the State of New York and engaged in the insurance business in the several states of the American Union; that it issued to James Johnson its policy insuring the said Johnson against loss through damage to his property, to-wit, one Freuhauf Trailer, while the same was being used by him upon the highways of the nation.

That the defendant, Felix Stewart, while operating his 1950 Oldsmobile Sedan on U. S. Highway 64 on November 7, 1957, was guilty of negligence which proximately caused damage in the sum of $3,722.08 to the trailer that was being pulled by a Diamond T tractor owned by the insured, James Johnson.

It is further alleged:

"That under the terms of the insurance agreement with plaintiff, the plaintiff became liable to the insured (James Johnson) in said sum less $150 and was forced to pay said loss to the insured or for his benefit and in so doing the insured assigned, transferred and set over to this plaintiff his right of action against the defendant herein, granting full authority to the plaintiff to sue, settle, handle or otherwise dispose of the same and to do all things necessary to collect the same."

The prayer of the complaint is that the plaintiff be subrogated to the rights of its insured and that it have judgment against the defendant in the sum of $3,722.08 and for its costs.

The law to be applied in determining whether the plaintiff is barred from any recovery herein is the law of Arkansas.

In Erie Railroad Co. v. Thompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, the court held that the law to be applied in any case where the jurisdiction is based upon diversity of citizenship is the law of the state, and on page 78 of 304 U.S., on page 822 of 58 S.Ct. said:

"And whether the law of the state shall be declared by its Legislature in a statute or by its highest court in a decision is not a matter of federal concern."

In Angel v. Bullington, 330 U.S. 183, 67 S.Ct. 657, 91 L.Ed. 832, the court, beginning at page 186 of 330 U.S. and at page 659 of 67 S.Ct., said:

"The judgment of the Supreme Court of North Carolina would clearly bar this suit had it been brought anew in a state court. For purposes of diversity jurisdiction a federal court is 'in effect, only another court of the State'. Madisonville Guaranty Trust Co. of New York v. York, 326 U.S. 99, 108, 65 S.Ct. 1464, 1469, 89 L.Ed. 2079; see, Traction Company v. Saint Bernard Mining Company, 196 U.S. 239, 253, 25 S.Ct. 251, 256, 49 L.Ed. 462; Ex Parte Schollenberger, 96 U.S. 369, 377, 24 L.Ed. 853."

The defendant in support of his motion to dismiss contends:

"That the disposition of the cause of action in the previous lawsuit styled James Johnson versus Felix Stewart, Civil Action No. 1416, in the United States District Court, Western District of Arkansas, Fort Smith Division, completely bars the present lawsuit on behalf of James Johnson's subrogee for damages to his trailer sustained in the same accident. The reason for this is that there is only one cause of action arising out of this accident on behalf of Johnson and those holding a subrogation interest through Johnson."

Defendant cites the case of Motors Insurance Corp. v. Coker, 218 Ark. 653, 238 S.W.2d 491, in support of his contention.

The plaintiff in its brief in opposition to the motion to dismiss states:

"The statement of Counsel and the force of the authority cited, i.

e., Motors Insurance Corporation v. Coker, 218 Ark. 653, 238 S.W.2d 491, states the present condition of the law, not as it should be, but, perhaps as it is. However, the force of that decision as a precedent is weakened by the fact that the same was rendered by a divided court, and by the further fact, that, in this case at least, it defeats, rather than promotes, the principles of right and justice. If it is the law, it certainly needs revision, either by judicial construction or by legislative enactment."

In Motors Insurance Corp. v. Coker, supra, the court at page 654 of 218 Ark., at page 492 of 238 S.W.2d stated the facts, as follows:

"On the 28th day of April, 1949, Ellen Kerksieck and Marshall Coker, while driving their automobiles, had a collision. Ellen Kerksieck carried with the appellant herein a property damage insurance policy covering the damage to her car. On the 4th day of May, 1949, the Insurance Company paid her $833.47 in settlement of the damages to her automobile under the terms of the policy.

"On the 7th day of May, 1949, Ellen filed suit against Coker asking for damages by reason of personal injuries she received at the time of the collision. Subsequently, she settled with Coker and dismissed with prejudice the case which she had filed against him. Thereafter, on the 24th day of October, 1949, the Motors Insurance Corporation, the appellant herein, filed suit against Coker alleging that the Insurance Company had paid Ellen for the damages she sustained to her automobile and by assignment, the Insurance Company was subrogated to Ellen's rights as against Coker for the damages to Ellen's car. The defendant Coker entered a plea of res judicata. After consideration of the Stipulations and Agreements of counsel (which do not appear in the record), the Court dismissed the suit for the reason that there was only one tort committed, that Ellen had but one cause of action, which had been exhausted, and that the issue was res judicata. We agree with the trial court."

It will be noted in the Coker case that the insurer paid the insured on May 4, 1949, the sum of $833.47 in settlement of the damages to her automobile, and three days later the insured filed her suit against Coker for damages by reason of personal injuries; that subsequently she settled with Coker and dismissed with prejudice the case that she had filed against him. Thereafter, the insurance carrier filed its suit against Coker alleging that it had paid the insured for the damages she sustained to her automobile and by assignment it was subrogated to the insured's rights against Coker for the damages to the car. Coker entered a plea of res judicata, and the suit was dismissed for the reason that there was only one tort committed; that the insured had but one cause of action which had been exhausted, and that the issue was res judicata.

In the instant suit the insured, James Johnson, is not a party, but before the suit could be maintained properly it would be necessary to make him a party. Ark.Stat.Ann. Sec. 27–802 (1947), reads:

"When the assignment [of a thing in action] is not authorized by statute, the assignor must be a party as plaintiff or defendant."

In the case of Chicago, R. I. & Pac. Ry. Co. v. Cobbs, 151 Ark. 207, 235 S.W. 995, the court beginning at the bottom of page 212 of 151 Ark., at page 996 of 235 S.W. said:

"The insurance companies, by virtue of the assignment to them of a portion of the right of actions are possessed of an interest in the subject-matter in controversy, and are therefore necessary parties. Cobbs, the other plaintiff, was a necessary

party, not only from the fact that he was the owner of an interest in the subject-matter of this controversy, but also for the reason that he was the assignor of that part of the cause of action which was assigned to the insurance companies, and since it is a right of action not assignable under our statute (Crawford & Moses' Digest, Sec. 475) [now Ark.Stats., Sec. 68–801], the assignor was a necessary party to a suit to recover. St. Louis, I. M. & S. Ry. Co. v. Camden Bank, 47 Ark. 541, 1 S.W. 704. Under the statute cited above, only agreements or contracts in writing are assignable, and the cause of action in the present instance was not based on an agreement in writing. The insurance companies succeeded, by the assignment, to the right of action by Cobbs for the recovery of unliquidated damages on account of the wrongful act of the railway company. It follows, therefore, that the causes of action, for the reasons stated, are not separable."

The appellant in Motors Insurance Company v. Coker relied for a reversal of the trial court on the case of Underwriters at Lloyds Insurance Company v. Vicksburg Traction Co., 106 Miss. 244, 63 So. 455, 51 L.R.A.,N.S., 319, but the court refused to follow the case, and beginning at the bottom of page 656 of 218 Ark., at page 493 of 238 S.W.2d said:

" * * * because we think the best rule is to the effect that a defendant should have to stand but one lawsuit growing out of one tort when the cause of action is in one person or those holding through such person.

"If it were otherwise, a defendant would not dare settle a case for fear that, at a later date, someone would make another claim against him by reason of being subrogated to some right of the injured party, either through having paid a property damage claim, or loss of time claim, or accidental injury claim, or some other claim. In fact, even though the defendant may have paid a judgment in favor of the injured party, he would never know where he stood until the alleged tort was barred by the Statute of Limitations."

▮ Under the laws of Arkansas, the judgment obtained by the insured, James Johnson, for damages to the tractor is a complete bar to the maintenance of the instant suit by his insurer to recover a judgment for the amount of money that it paid to Johnson as damages to the trailer.

Therefore a judgment sustaining the motion to dismiss and dismissing the complaint of the plaintiff is being entered today.