# THE HIP BOOT GANG, INC. *v.*
## Richard W. WARRINER, Jr.

82-26                                    633 S.W.2d 365

### Supreme Court of Arkansas
### Opinion delivered May 24, 1982

*Horace Fikes, Jr.,* for appellant.

*Baim, Baim, Gunti, Mouser & Bryant,* by: *Noel F. Bryant,* for appellee.

JOHN I. PURTLE, Justice. The appellee instituted suit in the Jefferson County Circuit Court in which he sought to be declared the owner of 1500 shares of common stock of The Hip Boot Gang, Inc. The appellant answered and counter-claimed alleging that Warriner was not the owner of the 1500 shares and denied he had any interest in The Hip Boot Gang, Inc. The trial court ruled in favor of the appellee.

The appellant argues two points on appeal. First, that the court erred in ruling that the judgment in a former suit did not affect the legal title of the common stock of said corporation. Second, appellant argues that the court erred in finding that appellee was the record owner of 1500 shares of common stock of appellant.

The facts indicate that The Hip Boot Gang, Inc. was formed by Kent Rinehart, Richard W. Warriner, Jr. and Nelson Langston, Jr., each taking 1500 shares of stock in The Hip Boot Gang, Inc. Subsequently, Warriner agreed to sell Rinehart his stock in the corporation. They entered into a memorandum of agreement whereby Warriner would sell his stock to Rinehart. Five hundred dollars was paid before the agreement was drawn up and subsequently another $500.00 was paid by Rinehart on the installment note. The agreement provided that the seller would retain title of the stock of the corporation until it was paid for in full and allowed the purchaser to vote the stock in corporate matters.

Apparently Rinehart fell behind in his payments and Warriner filed suit No. 79-648-1 to collect on the promissory note which had been given as part of the consideration for the purchase of the stock. Rinehart counterclaimed arguing the note was usurious. He prayed that the debt be cancelled. The trial court agreed and held the transaction usurious and cancelled the indebtedness. No appeal was taken from the judgment between Rinehart and Warriner.

Appellant first argues that the trial court erred in failing to hold that the prior decision in case No. 79-648-1 affected legal title to the stock here in question. In *Crump* v. *Loggains*, 212 Ark. 394, 205 S.W.2d 846 (1947), we held:

> The judgment or decree of a court of competent jurisdiction operates as a bar to all defenses, either legal or equitable, which were interposed or which could have been interposed in the former suit.

Likewise, failure of a party to ask for certain relief in the lower court precludes a subsequent demand for such relief absent a timely appeal or retrial of the original case. No appeal was instituted from the prior decision and it cannot now be appealed to this court. The note and indebtedness were cancelled. That was the relief sought and that was the relief granted. The first decision simply did not relieve title to the stock. However, the agreement between the purchaser and seller of the stock specifically mentioned that title to the stock remained in the seller until it was paid for.

Appellants point out that most all of the contracts we have cancelled for usury were situations wherein the purchaser was in possession of the property. However, in the present situation the buyer was not in possession of the property. The cancellation of the debt in the first trial was what it purported to be, a cancellation of the debt. Perhaps title would have been conveyed had demand for such relief been requested of the trial court. Since this matter could have been raised in the first trial between the two stock holders it cannot be raised in the present action. The appellee is still the owner of the 1500 shares of stock. We have held many times that questions within an issue which were settled, or could have been settled, were *res judicata*. See *Ozan Lumber Company* v. *Tidwell,* 213 Ark. 751, 212 S.W.2d 349 (1948).

Affirmed.